HENRY HELSTOSKI AND VICTORIA HELSTOSKI, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. SUSAN HYCKEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 2, 1988—Decided May 20, 1988.

---

Before Judges PETRELLA and DREIER.

*Philip L. Geibel* argued the cause for appellant (*Geibel & Geibel,* attorneys; *Philip L. Geibel* on the brief).

*Dennis A. Maycher* argued the cause for respondent (*Maycher & Molinelli,* attorneys; *Dennis A. Maycher* on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

The issue on this appeal is the entitlement to costs and attorney's fees under the Arbitration of Automobile Negligence Actions rule. *R.* 4:21A.

Plaintiff Henry Helstoski filed a complaint against defendant alleging that she was negligent in the operation of her automobile in connection with a November 1984 accident. Victoria Helstoski asserted a *per quod* claim. The matter was submitted to mandatory arbitration pursuant to *R.* 4:21A–1 and *N.J.S.A.* 39:6A–24 *et seq.* effective January 1, 1984. The arbitrator entered an award of $14,875 for plaintiffs on April 2, 1987. Plaintiffs rejected that award and demanded a trial *de novo.* See *R.* 4:21A–6(b)(1); *N.J.S.A.* 39:6A–34. A trial was accordingly conducted. The jury returned a verdict finding defendant 75% negligent, Henry Helstoski 25% negligent, and damages of $6,500. After molding the verdict to $4,875 to reflect the jury's assessment of plaintiff's negligence, the judge entered a judgment of $5,637.90 which included $762.90 in prejudgment interest.

Subsequently plaintiffs moved for a new trial and for an *additur.* These motions were denied. Thereafter defendant moved to recover reasonable costs and attorney's fees within the limits authorized in *R.* 4:21A–6(c). Defense counsel certified that his reasonable expenses amounted to $2,187.50 for attorney's fees and $1,200 in expert fees. Defendant sought $750 in attorney's fees and $500 as compensation for witness costs. The motion was heard by the trial judge, rather than by the assignment judge as required by *R.* 4:21A–6(c)(5). Defendant has appealed from that denial.

Under the rules relative to arbitration of automobile negligence actions, "reasonable costs" (including attorney's fees not to exceed $250 per day up to a $750 aggregate), and "witness costs," including expert witnesses (not to exceed $500), are authorized against a party rejecting an arbitration award and the jury verdict is less than 20% more favorable than the award. *R.* 4:21A–6(c). The automobile arbitration rule was adopted by the Supreme Court in response to *N.J.S.A.* 39:6A–35 and implements *N.J.S.A.* 39:6A–34, which provides:

The party having filed for a trial de novo shall be assessed court costs and other reasonable costs of the other party to the judicial proceeding, including attorney's fees, investigation expenses and expenses for expert or other testimony or evidence, which amount shall be, if the party assessed the costs is the one to whom the award is made, offset against any damages awarded to that party by the court, and only to that extent; except that if the judgment is more favorable to the party having filed for a trial de novo, the court may reduce or eliminate the amount of the assessment in accordance with the extent to which the decision of the court is more favorable to that party than the arbitration decision, and as best serves the interest of justice. The court may waive an assessment of costs required by this section upon a finding that the imposition of costs would create a substantial economic hardship as not to be in the interest of justice.

The focus of the dispute on this appeal is *R.* 4:21A–6(c) which provides:

(c) Trial De Novo. An action in which a trial de novo has been demanded by any party shall be returned, as to all parties, to the trial calendar for disposition. A party demanding a trial de novo shall be required to pay $150 towards the arbitrators fee and may be liable to pay the reasonable costs, including attorney's fees, incurred after rejection of the award by those parties not demanding a trial de novo. Reasonable costs shall be awarded on motion supported by detailed certification subject to the following limitations:

(1) If a monetary award has been rejected, no costs shall be awarded if the party demanding the trial de novo has obtained a verdict at least 20 percent more favorable than the award.

(2) If the rejected arbitration award denied money damages, no costs shall be awarded if the party demanding the trial de novo has obtained a verdict of at least $250.

(3) The award of attorney's fees shall not exceed $750 in total nor $250 per day.

(4) Compensation for witness costs, including expert witnesses, shall not exceed $500.

(5) If the Assignment Judge in his discretion is satisfied that an award of reasonable costs will result in substantial economic hardship, he may deny an application for costs or award reduced costs.

The jury verdict as molded after the trial *de novo* obviously was not at least 20% more favorable to plaintiff than the $14,875 arbitration award. The reasons given for the judge's denial of defendant's motion were that the award for reasonable costs and attorney's fees would result in substantial economic hardship for plaintiffs.

Helstoski's response to the motion for costs essentially took the position that allowing the $1,250 requested by defense counsel would impose an extreme financial hardship on him and his family. A document captioned "Affidavit," but which contains no *jurat*,[1] contains recitations by Helstoski stating his claims of hardship. He says that his six-month teaching contract with the Passaic Board of Education, temporarily replacing another teacher, expired January 31, 1988, and he only earned $15,554 for those six months. The record has not been supplemented with current employment information. He states that he has some other sources of income, among which are teaching three evenings a week at Passaic High School at $30 an evening. However, he did not indicate his other sources of income or the amounts derived therefrom. He says that he can barely meet his current, but unstated, monthly expenses, due to his four-month period of unemployment which resulted from his injury; that his poor financial status required him to remove his daughter from a private high school; that he has another $35,000 in outstanding legal fees due to an unspecified case which apparently reached the Supreme Court, and that his wife and two children are at home and are totally dependent upon him and his salary to support their needs. He also asserts that the verdict might have been on the low side and that he lost

---

[1]The copy in each of the appendices ends with a line bearing the date of signature, but shows no officer as administering any oath. The document does not comply with the requisites of an affidavit under oath, *N.J.S.A.* 41:2–17 and *R.* 4:12–1, or for a certification. *R.* 1:4–4(b).

approximately $5,000 in anticipated salary and spent $1,500 in additional expenses connected with the injury.

Presumably Helstoski received payment for all medical expenses, and reimbursement for lost wages within his applicable coverage, under the Personal Protection Provisions (PIP) coverage of his automobile insurance policy. See *N.J.S.A.* 39:6A–4.

The trial judge concluded that the $35,000 in legal fees owed, although not reduced to a judgment, coupled with his lost wage claim, supported a finding of substantial economic hardship. The judge concluded that the hardship need not have been caused by injury which is the subject matter of the law suit. The judge also found that although the purpose of the rule was to encourage settlements through arbitration and penalize a party for unreasonably rejecting the arbitration award, that in this case, where plaintiffs were never offered anything over $5,000 (defense counsel says $10,000) and where liability appeared clear, plaintiffs had not acted unreasonably in rejecting the arbitration award.

Defendant points out that none of the plaintiffs' assets were ever mentioned and that Helstoski apparently owns a house and two cars. The equity in those assets is not known. Defendant also argues that where plaintiff has received an award from which the costs can be deducted (and the costs here are a little more than the prejudgment interest on the award of approximately $760), and the plaintiff is not indigent, it is unreasonable to find substantial economic hardship. In addition, defendant takes the position that the rule plainly states that the assignment judge is to determine whether to deny the application or reduce an award, and in the absence of authority to delegate the responsibility under the rule the denial in this case was invalid because the trial judge performed the function.

Although the economic hardship that might excuse imposition of the costs under the arbitration rule may not necessarily be limited to the subject matter of the law suit, a substantial hardship determination can in no event be made

without full disclosure of all of the assets and liabilities of the party seeking a waiver. Moreover, it was error for the trial judge to consider the reasonableness of plaintiffs' rejection of the arbitration award when applying *R.* 4:21A–6(c). The rule mandates the award of reasonable costs unless the judge finds, in his discretion, that an award of costs will result in substantial economic hardship. The clear purpose in providing for an award of fees and costs is to discourage the post-arbitration trial of automobile negligence cases. *N.J.S.A.* 39:6A–24 provides:

> The purpose and intent of this act is to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts.

The sponsor's statement to Assembly Bill No. 3822 stated to like effect:

> ... the party asking for a trial *de novo* shall pay the arbitrators' fees. That party shall also be assessed court costs and the reasonable costs of the trial to the other parties, including reasonable attorneys' fees, not to exceed the amount of damages awarded that party, if that party is the one to which the award is made; the court may reduce or eliminate the assessment to the extent that the court decision is more favorable to the filing party. *The payment of court costs may be waived by the court upon a finding that the payments would create a substantial economic hardship or are not in the interests of justice.* [Introductory Statement Assembly Bill No. 3822, reprinted following *N.J.S.A.* 39:6A–24 (emphasis supplied)].[2]

The arbitration program was designed to provide alternatives to trial and provide for fee and cost awards as sanctions. See "AOC Automobile Arbitration Report to the Governor and Legislature," 117 *N.J.L.J.* 439, 457 (1986). The same intent can be gleaned from California cases which have interpreted a similar statute. See, *e.g.*, *Demirgian v. Superior Court,* 187 *Cal.App.*3d 372, 231 *Cal.Rptr.* 698 (1986).

In our view, in the adoption of the implementing rule, the Legislature and the Supreme Court carefully chose the words

---

[2]Although the disjunctive is used in the emphasized quoted language, it is not found either in *N.J.S.A.* 39:6A–34 which equates "not in the interest of justice" with "substantial economic hardship," or in *R.* 4:21A–6(c).

"substantial economic hardship" to severely limit situations where applications for fees are denied. The statute and rule recognizes the constitutional guaranty of a party's "day in court." *N.J.S.A.* 39:6A–31; *R.* 4:21A–1(c). The program was not intended to circumvent that right. See *Mack v. Berry*, 205 *N.J.Super.* 600, 603 (Law Div. 1985).

■ We conclude that the facts presented here do not establish that imposition of costs would create a substantial economic hardship. Even aside from the lack of a proper affidavit or certification, the showing made here was totally inadequate because the complete financial picture of plaintiff was not presented. There was no full and complete disclosure of assets and liabilities; no indication of current employment status or of income, and no disclosure of all sources and amounts of income. A hardship giving rise to a denial of reasonable costs under *R.* 4:21A–6(c)(5) might exist, subject to an otherwise proper showing of substantial economic hardship based on a party's full economic picture, if an award for costs exceeded the amount of the recovery, since plaintiff would then be required to advance funds over and above the amount of the verdict. Here, the "substantial economic hardship" would merely be loss of somewhat more (approximately $500) than the amount of prejudgment interest on the jury's pain and suffering award. Even if there were no prejudgment interest involved, plaintiff here would still recover some amount on his pain and suffering claim even after deduction of appropriate litigation expenses.[3] Accordingly, there was no basis here to deny defendant's application.

As noted, defendant also points out that *N.J.S.A.* 39:6A–34 authorizes the "court" which means a judge or all of the judges, to waive the assessment of costs. Although the trial judge noted on the record that the assignment judge had delegated this function to him, there is a question of whether

[3]Essentially this was conceded at oral argument.

such a delegation comports with the intent of the rule. The words "assignment judge" were specifically inserted instead of the word "court" in the adoption of the court rule. *R.* 4:21A–6(c)(5). By so adopting the rule, it may be argued that the Supreme Court indicated that the judges charged with hearing these applications were to be limited to the assignment judges in each vicinage. The Supreme Court's acceptance and implementation of the strong policy of discouraging trials *de novo* after arbitration, as well as striving for a degree of consistency in reviewing applications for waivers of awards of reasonable costs and fees, would appear to suggest that view. However, we consider this to be too narrow a reading of the Rule. It may be that in an appropriate case the rule may be relaxed, see *R.* 1:1–2, and the assignment judge may delegate responsibility under the arbitration rule. See *R.* 1:33–4. In any event, in view of our determination that the claimed hardship here does not constitute the type of substantial economic hardship contemplated by the rule, we need not decide the issue.

We reverse and remand with direction that an order be entered granting defendant the requested costs.