596 A.2d 138

RAMEZ GHAZOULY AND MONA GHAZOULY, PLAINTIFFS-APPELLANTS, v. JAMES BENJAMIN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 9, 1991—Decided June 7, 1991.

1

Before Judges PRESSLER, DEIGHAN and ARNOLD M. STEIN.

*Christopher R. Brown* argued the cause for appellant (*Drazin & Warshaw, P.C.*, attorneys; *Christopher R. Brown* on the brief).

*Kathleen Oates–Nies* argued the cause for respondent (*Hoagland, Longo, Oropollo & Moran*, attorneys; *David A. Hardaker* on the brief).

The opinion of the court was delivered by

DEIGHAN, J.A.D.

The issue on this appeal is whether defendant is entitled to costs and attorney's fees where the plaintiff rejects an arbitration award and the jury returns a verdict of no cause of action in favor of defendant. *N.J.S.A.* 39:6A–34; *R.* 4:21A–6. Plaintiffs appeal from an order entered by the Law Division awarding defendant $500 expert fees and $750 legal fees for a total of $1,250 pursuant to *R.* 4:21A–6(c)(3) and (4).

Plaintiffs filed an action in the Law Division for damages sustained as a result of an automobile collision with defendant on August 30, 1985. Thereafter, pursuant to *R.* 4:21A, the matter was scheduled for arbitration and, after a hearing, an award was made in favor of plaintiff Ramez in the amount of $6,000. Plaintiffs rejected the arbitrator's award and requested a trial *de novo*. The matter was tried to a jury, which returned a verdict of no cause of action in favor of defendant and against plaintiff. Pursuant to *R.* 4:21A–6(c), the trial judge granted

defendant's motion for $500 expert fees and $750 [1] attorney's fees.

*N.J.S.A.* 39:6A–34 provides:

> The party having filed for a trial de novo shall be assessed court costs and other reasonable costs of the other party to the judicial proceeding, including attorney's fees, investigation expenses and expenses for expert or other testimony or evidence, *which amount shall be*, if the party assessed the costs is the one to whom the award is made, *offset against any damages awarded to that party by the court, and only to that extent;* except that if the judgment is more favorable to the party having filed for a trial de novo, the court may reduce or eliminate the amount of the assessment in accordance with the extent to which the decision of the court is more favorable to that party than the arbitration decision, and as best serves the interest of justice. [Emphasis supplied.]

It is clear from the statute that attorney's fees and expenses for an expert "shall be ... offset against any damages awarded to that party by the court, and only to that extent." In other words, if no award is made, then no attorney's fees and expert's costs may be assessed against that party on a trial *de novo.* This intent is confirmed by the Assembly introductory statement to the act providing for arbitration of certain automobile accident claims:

> ... the party asking for a trial *de novo* shall pay the arbitrators' fees. That party shall also be assessed court costs and the reasonable costs of the trial to the other parties, including reasonable attorneys' fees, *not to exceed the amount of damages awarded that party*, if that party is the one to which the award is made; the court may reduce or eliminate the assessment to the extent that the court decision is more favorable to the filing party.

Introductory statement to Assembly, No. 3822, *reprinted in Helstoski v. Hyckey,* 225 *N.J.Super.* 142, 148, 541 *A.*2d 1114 (App.Div.1988) (emphasis supplied). The automobile arbitration statute was implemented by the Supreme Court under *R.* 4:21A. *R.* 4:21A–6(c) provides:

---

[1] We note that trial consumed only two days but defense counsel requested and was granted attorney's fees for an additional day of preparation. Since the issue of the amount of fees is not before us by virtue of our decision, we do not address the propriety of an award for attorney's fees related to trial preparation but leave it for another day when properly before the court.

(c) Trial De Novo. An action in which a trial de novo has been demanded by any party shall be returned, as to all parties, to the trial calendar for disposition. A party demanding a trial de novo shall be required to pay $150 towards the arbitrator's fee and may be liable to pay the reasonable costs, including attorney's fees, incurred after rejection of the award by those parties not demanding a trial de novo. Reasonable costs shall be awarded on motion supported by detailed certification subject to the following limitations:

(1) If a monetary award has been rejected, no costs shall be awarded if the party demanding the trial de novo has obtained a verdict at least 20 percent more favorable than the award.

(2) If the rejected arbitration award denied money damages, no costs shall be awarded if the party demanding the trial de novo has obtained a verdict of at least $250.

(3) The award of attorney's fees shall not exceed $750 in total nor $250 per day.

(4) Compensation for witness costs, including expert witnesses, shall not exceed $500.

It is thus apparent that the rule, consistent with the statute, is designed to award reasonable costs and counsel fees only out of the amount of the award. Here, there was no verdict in favor of plaintiffs. Therefore, there was no fund out of which an award may have been made.

Reversed.