[Civ. No. 19880. Third Dist. Apr. 28, 1981.]

DAN TRUMP et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
JEANETTE PELKEY, Real Party in Interest.

**COUNSEL**

Joseph E. Burke and Eric O. Larsen for Petitioners.

No appearance for Respondent.

Reed & Samuel and James S. Reed for Real Party in Interest.

**OPINION**

**REYNOSO, J.**—In this proceeding for a writ of prohibition, we are called upon to construe the statutory provisions governing mandatory judicial arbitration. (Code Civ. Proc., §§ 1141.10-1141.32;[1] Cal. Rules of Court, rules 1600-1617.) Specifically, we must determine whether a postarbitration request for trial which is limited to certain issues presented by the action may be heard on limited issues or whether it must be heard on all issues. Under the narrow circumstance here presented,

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

which we note deals with a compulsory cross-complaint, we conclude that such a request results in trial upon all the issues raised by the pleadings.

## I

The procedural posture, which we detail, is important. Jeanette Pelkey (real party in interest) brought an action against defendants Dan and Doris Trump (petitioners), Mike Carlino, and Lee Wetherbee. The first cause of action alleged breach of an oral partnership agreement between plaintiff Pelkey and Carlino to purchase a business known as "The Nut House" from the Trumps. The second cause of action alleged fraud by Carlino in inducing Pelkey to enter the partnership agreement. The third cause of action alleged the Trumps had breached an oral agreement to purchase the business. The fourth cause of action alleged fraud by the Trumps in inducing the sale of the business to plaintiff. The fifth cause of action sought rescission of the agreement to buy the business and restitution, and the sixth cause of action alleged trespass by Wetherbee. The Trumps cross-complained against Pelkey for breach of the agreement to purchase. Wetherbee also cross-complained against Pelkey for goods sold and delivered.

The action was ordered to mandatory arbitration under section 1141.11, subdivision (a).[2] The arbitrator awarded Pelkey $13,500 general damages plus $8,000 in exemplary damages against Carlino. The Trumps were awarded $7,500 plus inter‸st on their cross-complaint against Pelkey. Wetherbee took nothing ‿y his cross-complaint against Pelkey.[3]

The arbitration award was filed on March 27, 1980. On April 15, 1980, Carlino filed a request for trial de novo as to himself only.[4] The period within which trial de novo could be requested expired on April 16, 1980. (§ 1141.20.)

---

[2]Section 1141.11, subdivision (a) requires mandatory arbitration if the amount in controversy, in the opinion of the court, will not exceed $15,000 for each plaintiff. The complaint sought the following damages for each respective cause of action: $13,750 general damages for the first cause of action, $13,750 general damages and $50,000 punitive damages for the second, according to proof for the third, general damages of $27,500 and punitive damages of $100,000 for the fourth, and $2,500 damages for the sixth. The fifth cause of action sought restitution in the amount of $27,500.

[3]The award omitted any reference to Pelkey's action against Wetherbee.

[4]It is interesting to note that although Carlino's request for trial was dated April 3, 1980, it was not filed until 12 days later.

The next day, April 17, 1980, Pelkey filed a belated request for trial de novo as to the Trumps only. The Trumps' objection to Pelkey's request for trial de novo was sustained apparently on the ground that it was not filed within 20 days of the filing of the arbitration award, as required by section 1141.20.

Pelkey moved for an order setting aside Carlino's request for a trial and confirming the arbitration award in its entirety. The trial court denied the motion; however, it ordered the trial to proceed "'as to all parties and all issues.'"

The Trumps then sought this writ of prohibition or mandate to prevent trial except as limited to the issues presented by plaintiff's action against Carlino. Upon the direction of the Supreme Court, this court issued an alternative writ.

## II

The Legislature has expressly declared that it intended mandatory arbitration to serve as "a simplified and economical procedure for obtaining prompt and *equitable* resolution of [the parties'] disputes." [Italics added.] (§ 1141.10, subd. (b)(1).) Although the use of arbitration is encouraged, the statutory provisions indicate that a party who is dissatisfied with the arbitration award is free to take the action to trial. Section 1141.20 provides, in pertinent part: "Any party may elect to have a de novo trial, by court or jury, both as to law and facts."

Clearly the statutory provisions do not expressly contemplate the division of an arbitration award such as that sought by petitioners. Rather, the contrary appears. The statutory language employed refers either to proceeding to trial or to the entering of the award, but not to a compromise of electing trial on some issues presented by the action and accepting the award as to other issues. For example, section 1141.23 provides in part: "If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book...[and] shall have the same force and effect as a judgment in any civil action or proceeding,..." (See also Cal. Rules of Court, rule 1615(c).) Additionally, rule 1616(c) provides that after a timely request for trial and restoration of the action to the calendar, "[t]he case shall be tried as though no arbitration proceedings had occurred." This rule further supports the conclusion that the two methods of resolving the parties' dispute are to be considered mutually exclusive.

Even if we were to assume that the statute is susceptible to the interpretation sought by petitioners, there is an additional basis for rejecting that construction. ■ It is an established rule of statutory construction that where uncertainty exists, courts should consider the consequences that may flow from a particular interpretation, and construe the statute with a view toward promoting rather than defeating the purpose and policy behind the legislation. (*Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110]; *Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 253 [127 Cal.Rptr. 532]; *Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 381 [137 Cal.Rptr. 332].) "'Where a statute is susceptible of two constructions, one leading to mischief or absurdity, and the other consistent with justice and common sense, the latter must be adopted.'" (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 36 [124 Cal.Rptr. 852], quoting *Lampley* v. *Alvares* (1975) 50 Cal.App.3d 124, 128 [123 Cal.Rptr. 181]; *Stanley* v. *Justice Court, supra*, 55 Cal.App.3d at p. 253.)

■ Although plaintiff did not prevail upon her claim against the Trumps at the arbitration hearing, it is apparent that the arbitration award, viewed as a whole, (the $13,500 award against Carlino as reduced by the $7,500 and interest award in favor of the Trumps) was favorable to her. It further appears that she was willing to abide by the arbitration award, taken in its entirety. Plaintiff promptly sought trial upon the remaining issues upon receiving Carlino's request for trial, but due to the timing of Carlino's request, plaintiff's request was too late. Acceptance of petitioners' contention would achieve the untenable result of forcing plaintiff to accept the adverse portion of the arbitration award while denying her its favorable aspects. To so penalize a party as a result of arbitration would frustrate its purpose as a means of fair resolution of the parties' dispute.

Moreover, were a request for partial trial permitted, it would provide the opportunity for unfair advantage in a case in which multiple theories of liability are asserted and the arbitrator accepts some bases of liability but rejects others.[5] By simply waiting until nearly the end of the filing period to file such a limited request, a party could effectively deprive the opposing party of trial upon issues which were determined

---

[5] In a practical sense, the underlying action was essentially similar to such a case, since here all the defendants were represented by the same attorney. This multiple representation allowed counsel to selectively retain the portion of the award favorable to his clients while rejecting the unfavorable portion.

adversely to him at the arbitration hearing. Surely the Legislature did not intend the arbitration process to be subject to such abuse.

The cross-complaints involved here are compulsory ones, as they arise "out of the same transaction, occurrence, or series of transactions or occurrences" as plaintiff's causes of action. (See §§ 426.10, subd. (c), 426.30.) If plaintiff's claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo. Here, however, where the claims emanate from a single integrated set of facts, and where resolution of a factual issue may affect several theories of liability, the resulting award is more appropriately treated as indivisible for purposes of subsequent trial.

For the foregoing reasons, as applied to the specific factual context presented, we conclude that Carlino's request for a "limited" trial de novo effected a trial as to all parties and upon all issues raised by the pleadings.[6]

The petition for a peremptory writ of prohibition or mandate is denied and the alternative writ previously issued is discharged.

Evans, Acting P. J., and Blease, J., concurred.

A petition for a rehearing was denied May 28, 1981, and petitioners' application for a hearing by the Supreme Court was denied June 24, 1981.

---

[6]We note that we are not presented with a postarbitration limited trial which derives from a stipulation of the parties; therefore, we do not decide its propriety. (See § 1141.12; Cal. Rules of Court, rule 1600(a).)