[No. B018708. Second Dist., Div. Seven. Nov. 25, 1986.]

SARKIS DEMIRGIAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DONALD LEACH, Real Party in Interest.

## COUNSEL

Wagner & Scuderi and Robert S. Scuderi for Petitioner.

No appearance for Respondent.

Erickson & Agan, Agan & Helock, Shirley A. Agan and Joyce Helock for Real Party in Interest.

## OPINION

### JOHNSON, J.—

#### FACTS AND PROCEEDINGS BELOW

Petitioner, Sarkis Demirgian, and his mother, Virginia Demirgian, filed a complaint against Donald Leach, the real party in interest. The complaint alleged petitioner and his mother were injured on November 5, 1983, when their automobile was struck by a vehicle driven by Mr. Leach. On November 14, 1984, petitioner and Mr. Leach settled their case and entered into a

settlement contract. Later petitioner was allowed to file a supplemental cause of action alleging Mr. Leach breached this settlement contract.

The superior court ordered both counts to mandatory arbitration. At the arbitration hearing, the arbitrator ruled in favor of petitioner's mother on her *personal injury count* and ruled in favor of petitioner on his second cause of action for *breach of the settlement contract.*

Mr. Leach did not file a request for a trial de novo on either Virginia Demirgian's personal injury award or petitioner's breach of settlement contract award. However, Virginia Demirgian requested a trial de novo on her personal injury award.

Petitioner filed a motion for order entering judgment on his arbitration award. Mr. Leach then filed an opposition to petitioner's motion since petitioner's mother had requested a de novo trial. The trial court denied petitioner's motion for order entering judgment on his arbitration award. Petitioner then filed a writ of mandate with this division of the Court of Appeal which we denied. The California Supreme Court, however, granted Mr. Demirgian's petition for review and ordered us to issue an alternative writ.

## DISCUSSION

The issue before us is whether all parties to a multiparty mandatory arbitration are automatically required to retry their cases in the court even if only one of the parties requests a trial de novo. The decision of the superior court appears to answer this question in the affirmative. Petitioner concedes this general rule may be appropriate where the parties' claims are interdependent. But, he argues, it is not appropriate here because petitioner's claim is distinct from and unaffected by his coplaintiff's claim. Moreover, to apply the rule here runs counter to the policy reasons behind the judicial arbitration act. We agree.

Any person who has recently participated in our court system or any person even remotely familiar with the judicial process is aware of the ever increasing case loads facing our courts. In Los Angeles County, for example, a 1982 report concluded it took over three years for a civil case to come to trial. (Judicial Council of Cal. Ann. Rep. (1982) p. 89.) "For justice to be effective, not only must the law be fair, but also the machinery developed to administer the law must dispense justice inexpensively and quickly without sacrificing fairness." (Note, *Compulsory Judicial Arbitration in California: Reducing the Delay and Expense of Resolving Uncomplicated Civil Disputes* (1978) 29 Hastings L.J. 475 and authorities cited therein.)

In 1979, the California Legislature enacted the judicial arbitration act. The act was in response to the increasing burden on the California courts and in view of the evident success of similar programs in other states, in particular Pennsylvania and New York. The act requires all civil cases in superior courts with 10 or more judges and where the claim by any single party does not exceed $15,000 to be ordered to arbitration. (Code Civ. Proc., § 1141.11, subd. (a).)[1] In various counties, including Los Angeles County, the Legislature has required mandatory arbitration for any claim under $25,000. (Code Civ. Proc. former § 1141.11, subd. (e), now see § 1141.11, subd. (a).)[2]

The Legislature made it clear why it created the judicial arbitration act: "The legislature finds and declares that litigation involving small civil claims has become so costly and complex as to make more difficult the efficient resolution of such civil claims that courts are unable to efficiently resolve the increased number of cases filed each year, and that the resulting delays and expenses deny parties their right to a timely resolution of minor civil disputes. The Legislature further finds and declares that arbitration has proven to be an efficient and equitable method for resolving small claims . . . ." (Code Civ. Proc., § 1141.10, subd. (a).)

Cases which fall within the jurisdictional limits of the act can be compelled into arbitration. However, parties who are dissatisfied with the outcome at arbitration are guaranteed their day in court. The Legislature expressly stated that "[a]ny party may elect to have a de novo trial, by court or jury, both as to law and facts." (Code Civ. Proc., § 1141.20.)[3] However, the Legislature's statutory language did not consider the question before this court: whether a party to an arbitration award is automatically required to retry his or her case if a coparty requests a trial de novo.

█ In circumstances where the statutory language is ambiguous or vague "[w]e have a 'statutory duty to construe each provision of the Code of Civil

[1]Section 1141.11, subdivision (a) provides: "(a) In each superior court with 10 or more judges, all at-issue civil actions pending on or filed after the operative date of this chapter shall be submitted to arbitration, by the presiding judge or the judge designated, under this chapter if the amount in controversy in the opinion of the court will not exceed fifteen thousand dollars ($15,000) for each plaintiff, which decision shall not be appealable."

[2]Former section 1141.11, subdivision (e) provided: "(e) In the Counties of Los Angeles and San Bernardino, actions in which the amount in controversy does not exceed twenty-five thousand ($25,000) shall be submitted to arbitration."

[3]Section 1141.20 provides: "(a) An arbitration award shall be final if a request for a de novo trial is not filed within 30 days after the date the arbitrator files the award with the court. [¶] (b) Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar."

Procedure liberally and with a view to effect its objects and promote justice. . . . Wherever possible, potentially conflicting provisions should be reconciled in order to carry out the overriding legislative purpose as gleaned from a reading of the entire act. A construction which makes sense of an apparent inconsistency is to be preferred to one which renders statutory language useless or meaningless.' Finally, statutes must be construed in a reasonable and common sense manner consistent with their apparent purpose and the legislative intent underlying them—one practical, rather than technical, and one promoting a wise policy rather than mischief or absurdity." (Citations omitted.) (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 338 [189 Cal.Rptr. 450].)

Undoubtedly, the Legislature's intent is to discourage trials de novo. "While there is no specific legislative language to that effect, it is apparent that the legislature desired alternative, not cumulative, dispute resolution . . . and that the disincentive of Cal. Civ. Proc. Code § 1141.21 (West 1982) reflect that underlying purpose."[4] (Diamond, *1983 California Court of Appeal Survey: Arbitration* (1984) 6 Whittier L.Rev. 207, 220, fn. 88.) "[T]he procedure for a de novo trial substantially defeats [the Legislature's] objective in cases in which it is invoked." (*Alvarado* v. *City of Port Hueneme* (1982) 133 Cal.App.3d 695, 705 [184 Cal.Rptr. 154].)

 In the instant case, petitioner and his mother had independent claims. They happened to be against the same defendant and to have orig-

---

[4]Section 1141.21 provides: "(a) If the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, the court shall order that party to pay the following nonrefundable costs and fees, unless the court finds in writing and upon motion that the imposition of such costs and fees would create such a substantial economic hardship as not to be in the interest of justice:

"(i) To the county, the compensation actually paid to the arbitrator.

"(ii) To the other party or parties, all costs including, but not limited to, those specified in Sections 1032.5, 1032.6, 1032a, and 1032b, and the party electing the trial de novo shall not recover his costs.

"(iii) To the other party or parties, the reasonable costs of the services of expert witnesses, who are not regular employees of any party, actually incurred or reasonably necessary in the preparation or trial of the case.

"Such costs and fees, other than the compensation of the arbitrator, shall include only those incurred from the time of election of the trial de novo.

"(b) If the party electing the trial de novo has proceeded in the action in forma pauperis and has failed to obtain a more favorable judgment, the costs and fees under paragraphs (ii) and (iii) of subdivision (a) shall be imposed only as an offset against any damages awarded in favor of that party.

"(c) If the party electing the trial de novo has proceeded in the action in forma pauperis and has failed to obtain a more favorable judgment, the costs under paragraph (i) of subdivision (a) shall be imposed only to the extent that there remains a sufficient amount in the judgment after the amount offset under subdivision (b) has been deducted from the judgment."

inated in the same automobile accident. The two plaintiffs in these two actions also happened to have been members of the same family. It is also true the two claims were consolidated in a single proceeding, a step which contributes to judicial economy. They remain different and distinct claims, nevertheless. The same judge, jury, or arbitrator—or different judges, juries, or arbitrators—could have found petitioner's claim was valid but his mother's not, or vice versa. We believe to involuntarily require petitioner to retry his case, simply because a coparty requested a trial de novo, is inconsistent with the purpose of the arbitration act to "provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of their disputes." (Code Civ. Proc., § 1141.10, subd. (b)(1).)[5]

Real party in interest relies heavily on *Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411 [173 Cal.Rptr. 403], a case decided by the Third Appellate District. *Trump* is the only case we have found which interprets the effect of a request for a trial de novo by one party in multiparty litigation. In *Trump,* the court correctly concluded the result of a partial trial de novo *"[u]nder the narrow circumstances here presented"* would be unfair to one of the parties. (*Id.,* at p. 413.) Thus, in *Trump* all parties were required to go to trial.

We believe the instant case is distinguishable from *Trump.* The *Trump* case dealt with one plaintiff, multiple defendants and a compulsory cross-complaint arising from the purported sale of a business. In *Trump,* six causes of action and two cross-complaints were brought by the various parties. These claims and cross-claims were interrelated so that the disposition of one would affect the disposition of the others. In the case before us, on the other hand, we are dealing with two plaintiffs and one defendant. Each plaintiff could have originally brought his or her own claim for personal injuries. If petitioner and his mother had brought their own claims separately, either party could have requested a trial de novo without affecting the other party's arbitration award. The consolidation of actions in a single proceeding does not cause the consolidating parties to become a single party, see *Golf West of Kentucky, Inc.* v. *Life Investors, Inc.* (1986) 178 Cal.App.3d 313 [223 Cal.Rptr. 539] and cases cited therein. To penalize a party for promoting judicial economy by consolidating his action with another goes against public policy and the Legislature's intent of reducing court dockets.

In the instant case we have one defendant, not multiple defendants, and no cross-complaints, compulsory or permissive. In addition, the claims as

---

[5]Section 1141.10(b)(1) provides: "(1) Arbitration hearings held pursuant to this chapter shall provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of their disputes."

to liability and damages are independent to each plaintiff. The bulk of petitioner's claim arises from a breach of the 1984 settlement contract and his mother's claim arises from the personal injuries she received in the November 1983 automobile accident. Even the *Trump* opinion recognized this presents a far different situation. "If plaintiff's claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo." (*Trump* v. *Superior Court, supra,* 118 Cal.App.3d at p. 417.) In such a factual situation, we fail to see how real party in interest would be "penalized" if the award to petitioner is converted into a judgment and a trial de novo is held as to Virginia Demirgian.

We find no merit to Mr. Leach's argument he was dissatisfied with the arbitration award to petitioner but viewed as a whole he found the awards "acceptable" and therefore agreed to them. If Mr. Leach was dissatisfied with the award to petitioner then he should have sought a trial de novo. Yet Mr. Leach did not seek a trial de novo. Only when Virginia Demirgian requested a trial de novo on her claim did Mr. Leach object to petitioner's award and insist he be forced to retry his case. Forcing petitioner to take the necessary time and expense to prepare for and go through a trial, solely because his mother, on her separate cause of action, sought a trial de novo would defeat the purpose behind the arbitration act of "expediting and removing complexities from the judicial process relating to small civil claims . . . ." (*Alvarado* v. *City of Port Hueneme, supra,* 133 Cal.App.3d at p. 705.)

### DISPOSITION

Let a peremptory writ of mandate issue compelling the respondent superior court to vacate its order of January 23, 1986, in Los Angeles Superior Court case No. C490665 denying petitioner's motion for an order entering judgment in his favor, and thereafter make a new and different order granting said motion.

Lillie, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied December 23, 1986, and the petition of real party in interest for review by the Supreme Court was denied February 25, 1987.