[No. A070676. First Dist., Div. Three. Oct. 15, 1996.]

LEONORA MUEGA et al., Plaintiffs and Appellants, v.
ARMANDO MENOCAL et al., Defendants and Respondents.

## COUNSEL

Wade Vincent Shang for Plaintiffs and Appellants.

Willis C. Silverthorne, McGlynn, McLorg & Ritchie, Vincent B. McLorg and Michael C. Scanlon, Jr., for Defendants and Respondents.

## OPINION

PARRILLI, J.—The trial court awarded respondent Jesusa Lagunera $1,905 in sanctions (Code Civ. Proc., § 128.5[1] against Leonora Muega and Marinella Lim (collectively appellants). The court concluded appellants had prosecuted a frivolous complaint at a trial de novo following nonbinding judicial arbitration. The trial court also denied appellants' motion to tax costs vis-à-vis Lagunera and respondent Armando Menocal. Muega and Lim have appealed and contend we must reverse these orders. We affirm.

I

### FACTS AND PROCEDURE

This case arises out of an automobile accident. Lagunera was driving a car in which Muega and Lim were passengers. As Lagunera was attempting to make a left-hand turn, Armando Menocal's car struck Lagunera's car from the rear. Lagunera, Muega and Lim were injured in the accident.

Lagunera, Muega and Lim initially retained Attorney Wade V. Shang to jointly represent them in a personal injury action against Menocal. In the initial complaint filed on June 19, 1992, Lagunera, Muega and Lim were named as plaintiffs and Menocal was the only named defendant. In March of 1993 Lagunera substituted in Mr. Cattermole to represent her in the action against Menocal.

Attorney Cattermole propounded interrogatories to Menocal. In his answers Menocal contended Lagunera was solely responsible for the accident. Attorney Shang received these answers to interrogatories on June 12, 1993. According to Shang, this was the first time he had received any information Lagunera might be at fault in the accident. On June 15, 1993, Menocal filed an action for indemnity against Lagunera.

Realizing Lagunera might now be found at fault in the accident, attorney Shang requested permission to file a "supplemental complaint" naming

---

[1]Subsequent statutory references are to the Code of Civil Procedure, unless otherwise noted.

Lagunera as a defendant in Muega and Lim's personal injury action. The trial court granted leave to file the supplemental complaint on July 28, 1993.

At a nonbinding judicial arbitration hearing held on November 30, 1993, the arbitrator returned awards in favor of Lagunera for $9,000, Muega for $9,000 and Lim for $18,000, all against Menocal. The arbitrator specifically denied relief on Menocal's cross-claim against Lagunera, and awarded costs to Lagunera on the cross-claim. Thus, the arbitrator clearly indicated Lagunera was not at fault in the accident.

Both appellants (Muega and Lim) and Menocal filed requests for trial de novo. Although Menocal requested a trial de novo on all issues, appellants limited their request to a "TRIAL DE NOVO Supplemental Complaint . . . against JESUSA LAGUNERA."

In July of 1994 Lagunera and Menocal settled their claims against each other. Lagunera dismissed her complaint against Menocal and Menocal dismissed his cross-complaint against Lagunera. The appellants' action maintained Lagunera as a defendant.

The trial de novo commenced on January 10, 1995. In his opening statement appellants' attorney (Shang) did not attempt to argue Lagunera was liable for the accident. Instead, he said: "Now, where [the] accident happened, what part of that road it happened in, [Ms. Lagunera] may or may not have been able to turn at that particular place in the street. That is one of the questions that is for you to determine, if it was proper for her to make a turn there. I will go by whatever the facts show to you and your decision on that particular point." In his opening statement the attorney for Menocal stated that his client had admitted liability for the accident, and the only issue before the jury was damages.

Immediately following the opening statements Lagunera made a motion for nonsuit which the trial court granted after counsel for appellants declined an invitation to amend his opening statement. The jury returned a verdict against Menocal, awarding Muega $4,000 and Lim $11,770.

After the jury returned its verdict the parties filed the series of posttrial motions that are the subject of this appeal. First, Lagunera filed a motion for sanctions against appellants Muega and Lim (§ 128.5) on the ground appellants' complaint against Lagunera was "frivolous and totally without merit and . . . was intended to harass, coerce, and to be malicious." Additionally, after Lagunera and Menocal filed their memorandums of costs, appellants filed a motion to tax those costs.

The trial court denied appellants' motion to tax costs as to both Menocal and Lagunera. The court granted Lagunera's motion for sanctions under section 128.5, but limited those sanctions to the amount of attorney fees ($1,905) "incurred by defendant Lagunera after the dismissal of [Menocal's] cross-complaint in preparation for the jury trial."

Appellants have appealed these posttrial orders. We affirm.

## II

### DISCUSSION

#### A. *The Sanctions Award*

Appellants first contend we must reverse the order awarding $1,905 in sanctions against them under section 128.5. We disagree.

Section 128.5, subdivision (a), provides in part: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." The statute further explains that for the purposes of this section " 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2).) The cases interpreting the cited provisions hold that section 128.5 has greatly extended the power of the trial court to award attorney fees and monetary sanctions in order to discourage frivolous litigation. (*Tenderloin Housing Clinic, Inc.* v. *Sparks* (1992) 8 Cal.App.4th 299, 304 [10 Cal.Rptr.2d 371]; *City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527, 537 [183 Cal.Rptr. 86, 645 P.2d 137] [reissued after vacation in *City of Long Beach* v. *Bozek* (1983) 33 Cal.3d 727 (190 Cal.Rptr. 918, 661 P.2d 1072)]; *Mungo* v. *UTA French Airlines* (1985) 166 Cal.App.3d 327, 333 [212 Cal.Rptr. 369].)

"It is well settled that the award of sanctions under section 128.5 is a discretionary act on the part of the trial court. (*Dwyer* v. *Crocker National Bank* (1987) 194 Cal.App.3d 1418, 1438. . . .) As the court stated in *580 Folsom Associates* v. *Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 19-20 . . . : 'Under the appropriate standard of review of an order awarding sanctions under section 128.5, it is not the province of this court "to consider the record on appeal to determine if appellant's conduct meets the standards of frivolousness. . . . [¶] . . . Where the issue on appeal is whether the trial court has abused its discretion, the showing necessary to reverse the trial court is insufficient if it presents facts which merely afford an opportunity

for a different opinion: '*An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice. . . .*' [Citation.]" ' [Citation.]" (*Tenderloin Housing Clinic, Inc.* v. *Sparks*, *supra*, 8 Cal.App.4th at p. 304, italics in original.)

 We find no "manifest miscarriage of justice" in this case. Here the trial court carefully considered the following facts in ruling on the motion for sanctions: First, the arbitrator had denied relief on Menocal's cross-complaint against Lagunera, and Menocal later dismissed that cross-complaint with prejudice. Second, at the trial de novo, appellants' counsel did not cite any facts in his opening statement upon which the trier of fact could find Lagunera liable. The trial court granted Lagunera's motion for nonsuit after appellants' counsel elected not to amend his opening statement. There was no error.

In ruling on Lagunera's request for sanctions the trial court stated: "Taking the declarations of counsel at face value it appears that there could have been a good faith belief, at least prior to the arbitration proceeding in November 1993, that defendant Lagunera could have been held liable." The court noted it would be more difficult to hold this belief after the arbitrator ruled Lagunera was not at fault. However, "[a]fter [Menocal's] cross-complaint against Lagunera was dismissed by Menocal in July 1994 it would be difficult if not impossible to entertain a reasonable good faith belief that the facts developed during discovery and the arbitration proceeding would support liability . . . against defendant Lagunera." The trial court consequently awarded Lagunera only those attorney fees she incurred *after* Menocal dismissed his cross-complaint against Lagunera (a total of $1,905). Lagunera had requested a total of $6,533.65 as sanctions.

We believe the trial court's decision is completely reasonable. The *only* reason appellants named Lagunera as a defendant in the first instance was because Menocal had claimed she was at fault. There is nothing in the record to indicate appellants had any independent reason to believe Lagunera was at fault. This is underscored by the fact the court granted nonsuit after appellants' opening statement at the trial de novo. In short, once Menocal dismissed his action against Lagunera, what little legitimate reason appellants had for maintaining an action against Lagunera disappeared. Therefore, the trial court could properly find appellants' action against Lagunera was "totally and completely without merit" or "for the sole purpose of harassing an opposing party," as of that point.

Appellants also "cite as res judicata and collateral estoppel that the court had previously allowed the supplemental complaint and ruled there was no bad faith in filing the complaint . . . ." In light of the trial court's ruling limiting sanctions to attorney fees incurred *after* Menocal dismissed his cross-complaint, this argument is nonsensical. Moreover, appellants cite no authority to support this argument, and we may therefore summarily reject it. (*People* v. *Crittenden* (1994) 9 Cal.4th 83, 153 [36 Cal.Rptr.2d 474, 885 P.2d 887].)

## B. *The Motion to Tax Lagunera's Costs*

■ Appellants next contend the trial court erred in awarding Lagunera her costs of suit at the trial de novo (a total of $793.80) because the arbitrator never expressly ruled on appellants' "supplemental complaint" against Lagunera at the arbitration proceeding. Appellants cite no pertinent authority to support this novel proposition. We can think of no reason why the arbitrator's failure to expressly rule on appellants' claim against Lagunera at the arbitration hearing would affect Lagunera's right to costs at the trial de novo as the prevailing party. Lagunera was clearly entitled to costs as the prevailing party at the trial de novo, and the trial court did not err in awarding them. (§ 1032, subd. (b).)[2]

## C. *The Motion to Tax Menocal's Costs*

■ Appellants contend the trial court erred in awarding Menocal costs under section 1141.21. That section requires a party who has requested trial de novo after arbitration to pay for certain costs if the judgment he receives is not more favorable than the award he received at the arbitration hearing. Under section 1141.21 that party must not only pay the other parties' usual costs of suit (§ 1033.5), but must also pay additional costs such as expert witness fees and the arbitrator's fees.

Section 1141.21, subdivision (a), provides: "If the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, the court shall order that party to pay the following nonrefundable costs and fees . . . ." The specified costs include compensation paid to the arbitrator, all normal costs specified in section 1033.5, and "the reasonable costs of the services of expert witnesses." (§ 1141.21, subd. (a)(i)-(iv).)

---

[2]In this regard, we note the trial court did not award Lagunera costs pursuant to section 1141.21, but apparently did so under the usual cost statute (§ 1032, subd. (b)). All of Lagunera's claimed costs were part of the usual costs recoverable by the prevailing party. (§ 1033.5, subd. (a).)

There is no question appellants' judgment at the trial de novo was *less* favorable than their arbitration award. The arbitrator awarded Muega and Lim $9,000 and $18,000 respectively against Menocal; the jury awarded them only $4,000 and $11,770 respectively. Thus, relying on section 1141.21, the trial court awarded Menocal $1,816.45 in costs, including $375 for expert witness fees.

Appellants contend the trial court erred in applying section 1141.21 because they did not request a trial de novo with respect to Menocal. They posit section 1141.21 does not apply because they claim they were not "the party electing the trial de novo" within the meaning of section 1141.21.

It is true appellants attempted to request only a partial trial de novo. In particular, their request stated: "Plaintiffs LEONORA MUEGA and MARINELA LIM hereby request[] a TRIAL DE NOVO Supplemental Complaint . . . pursuant to California Code of Civil Procedure, Section 1141.20 and California Rules of Court, Rule 1616, against JESUSA LAGUNERA." They did not request a trial de novo against Menocal. However, appellants' attempt to request a partial trial de novo was ineffective.

Generally "[a] timely request for trial de novo operates to vacate the arbitration award in its entirety, putting the case at large 'as though no arbitration proceedings had occurred.' (Cal. Rules of Court, rule 1616(c)); *Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411, 415 . . . [the judicial arbitration statute does not permit a party to elect trial de novo on some issues and to accept the arbitration award as to others] . . . .)" (*Wagy* v. *Brown* (1994) 24 Cal.App.4th 1, 7 [29 Cal.Rptr.2d 48].) "If plaintiff's claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo. Here, however, where the claims emanate from a single integrated set of facts, and where resolution of a factual issue may affect several theories of liability, the resulting award is more appropriately treated as indivisible for purposes of subsequent trial." (*Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411, 417 [173 Cal.Rptr. 403].)

The quoted language from *Trump* applies with equal force to this case. Appellants' claims against the defendants (Menocal and Lagunera) "emanate from a single integrated set of facts." Consequently, appellants' request for a "limited" trial de novo "operate[d] to vacate the arbitration award in its entirety, putting the case at large 'as though no arbitration proceedings had occurred.' [Citations.]" (*Wagy* v. *Brown, supra,* 24 Cal.App.4th at p. 7; cf. *Demirgian* v. *Superior Court* (1986) 187 Cal.App.3d 372, 377-378 [231 Cal.Rptr. 698] [limited trial de novo allowed where there was only one

defendant, no cross-complaints, compulsory or permissive, and each plaintiff's claims as to liability and damages were independent].) It follows that appellants may be fairly treated as "the party electing the trial de novo" within the meaning of section 1141.21.

Nor does it matter that both Menocal and appellants requested a trial de novo. "Nothing in the judicial arbitration statutes precludes more than one party per arbitration from electing a trial de novo. Where two or more do so, each should be subject to the discouraging prospect of liability for costs if unsuccessful in the trial de novo." (*Boyd* v. *Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 382 [258 Cal.Rptr. 473].) Moreover, because the trial court properly concluded Menocal was entitled to costs under section 1141.21, it follows that appellants were precluded from recovering their costs. (§ 1141.21, subd. (a)(ii) ["the party electing the trial de novo shall not recover his or her costs"].) The trial court therefore properly denied appellants' request for costs.

Finally, and again without any citation to authority, appellants contend Menocal engaged in "discovery abuse" and that this should preclude Menocal from receiving costs under section 1141.21. This claim of "discovery abuse" is based on the fact Menocal admitted liability at trial, but did not do so during discovery. Whether or not this amounts to "discovery abuse" is irrelevant to the issues on appeal. Appellants have cited no authority for the proposition that "discovery abuse" precludes a party from receiving his costs under section 1141.21. In light of appellants' failure to present any argument or legal authority to support this claim, we may summarily reject it. (*Kim* v. *Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834] [court is not required to discuss or consider points which are not argued or which are not supported by citation to authorities or the record].)

### III

### DISPOSITION

The judgment and postjudgment orders concerning costs and sanctions are affirmed. Costs on appeal are awarded to respondents.

Phelan, P. J., and Corrigan, J., concurred.