[Nos. B114133, B115670. Second Dist., Div. Five. Sept. 8, 1998.]

SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Cross-complainant and Appellant, v.
MENDEZ TRUCKING, INC., Cross-defendant and Respondent.

**COUNSEL**

Crosby, Heafey, Roach & May, Joseph P. Mascovich, Kay Long-Martin, Eto & Hall and Alvin M. Hall for Cross-complainant and Appellant.

Graham & James and Allan A. Shenoi for Cross-defendant and Respondent.

**OPINION**

**ARMSTRONG, J.**—Southern Pacific Transportation Company (appellant) appeals the judgment entered on the arbitration award issued in favor of

Mendez Trucking, Inc. (respondent) on appellant's cross-complaint. The trial court determined that appellant had forfeited its right to a jury trial on its cross-complaint against a codefendant, respondent herein, even though the plaintiff had timely requested a trial de novo against both defendants on his personal injury claim. Appellant also appeals the order awarding attorney fees to respondent as the prevailing party pursuant to Civil Code section 1717. We conclude that plaintiff's filing of a request for trial de novo returned the entire case to the calendar. Consequently, the trial court erred in entering judgment for respondent on the arbitration award.

## FACTS

Plaintiff Joseph Christopher, an employee of appellant, was injured at work when the vehicle he was operating collided with a truck operated by Adolfo Flores on behalf of respondent. Plaintiff sued appellant, respondent, and Flores for negligence. Appellant cross-complained against respondent, alleging causes of action for contractual indemnity, implied indemnity, breach of an agreement to provide insurance, and declaratory relief. Respondent cross-complained against appellant, alleging causes of action for implied indemnity, equitable contribution, and declaratory relief. The trial court referred the entire action to mandatory judicial arbitration.

The arbitration resulted in the award to plaintiff of $175,000 against the three defendants. The award also denied any recovery for appellant and respondent on their respective cross-complaints. The award made no allocation of fault among the codefendants.

Plaintiff filed a timely request for trial de novo in September 1996. The matter was returned to the civil calendar. Shortly before the scheduled trial date, plaintiff settled his complaint against both appellant and respondent. Thus, plaintiff is no longer a party to this action.

In May 1997, when the matter was assigned for trial, respondent made a motion *in limine* arguing, among other things, that because appellant had not filed a request for trial de novo in September 1996, the arbitration award constituted a final determination on its cross-complaint against respondent. Relying on *Demirgian* v. *Superior Court* (1986) 187 Cal.App.3d 372 [231 Cal.Rptr. 698], the trial court granted respondent's motion and dismissed appellant's cross-complaint. Appellant timely appealed that decision.

## DISCUSSION

Any party whose case has been submitted to mandatory judicial arbitration "may elect to have a de novo trial, by court or jury, both as to law and facts."

(Code Civ. Proc., § 1141.20, subd. (b).) That election is made by filing a request for a trial de novo within 30 days after the date the arbitrator files the award with the court. (Code Civ. Proc., § 1141.20, subd. (a).) California Rules of Court, rule 1616(c) provides that after a timely request for trial and restoration of the action to the calendar, "[t]he case shall be tried as though no arbitration proceedings had occurred." On the other hand, "If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award." (Code Civ. Proc., § 1141.23.) Pursuant to California Rules of Court, rule 1615(c), "The clerk shall enter the award as a judgment forthwith upon the expiration of 30 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules."

■ Here, a request for trial de novo was filed by plaintiff Christopher, a party to the action. The question presented is whether plaintiff's action in filing a request for de novo trial returned the entire action, including the cross-complaints, to the civil calendar. We conclude that it did.

The issue before us was first considered by the Court of Appeal in *Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411 [173 Cal.Rptr. 403]. In that case, the plaintiff sued one defendant (Carlino) for breach of a partnership agreement and fraud in inducing the plaintiff to enter into the partnership agreement; two other defendants (the Trumps) for breach of an agreement to purchase a business, fraud in inducing the plaintiff to purchase the business, rescission of the agreement to purchase the business, and restitution; and a fourth defendant (Wetherbee) for trespass. The Trumps cross-complained against plaintiff for breach of the agreement to purchase, while Wetherbee cross-complained for goods sold and delivered.

The action was referred to mandatory judicial arbitration, which resulted in the following decision: Plaintiff was awarded $21,500 against Carlino; the Trumps were awarded $7,500 plus interest against plaintiff; Wetherbee took nothing by his cross-complaint.

Carlino filed a de novo trial request with respect to the award against him on the day before the last day to file such a request. Plaintiff filed a belated request for trial de novo as to the Trumps. The Trumps objected to plaintiff's request, since it was not filed in the relevant time period. The trial court ultimately ordered the trial to proceed " ' "as to all parties and all issues." ' " (*Trump* v. *Superior Court, supra,* 118 Cal.App.3d at pp. 414-415.)

The Court of Appeal affirmed that ruling. Looking to the statutory language, the court noted that the Legislature did not expressly contemplate the

division of an arbitration award such as that suggested here. "The statutory language employed refers either to proceeding to trial or to the entering of the award, but not to a compromise of electing trial on some issues presented by the action and accepting the award as to other issues." (*Trump* v. *Superior Court, supra,* 118 Cal.App.3d at p. 415.) The court concluded that ". . . the two methods of resolving the parties' dispute are to be considered mutually exclusive." (*Ibid.*) The court did note that it was persuaded by the fact that the cross-complaints involved were compulsory, stating that "If plaintiff's claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo." On the facts before it, the *Trump* court held that one party's "request for a 'limited' trial de novo effected a trial as to all parties and upon all issues raised by the pleadings." (*Id.* at p. 417.)

In *Demirgian* v. *Superior Court, supra,* 187 Cal.App.3d 372, our colleagues in Division Seven of this district were presented with the more persuasive factual situation posited by the *Trump* court. There, two plaintiffs, a mother and son, sued the defendant for personal injuries. The son entered into a settlement agreement with the defendant. Later, the son was permitted to file a supplemental cause of action alleging that the defendant breached the settlement agreement.

The entire matter was ordered to mandatory arbitration. The arbitrator ruled in favor of the mother on her personal injury cause of action, and in favor of the son on his breach of contract cause of action. The defendant did not file a request for trial de novo as to either cause action. The mother, however, did. When the son moved for an order entering judgment on his arbitration award, the defendant objected, contending that the mother's request for trial de novo caused the entire matter to be retried in court. The trial court agreed.

The Court of Appeal reversed. It found persuasive the fact that the mother and son had distinct, independent claims against the defendant, the mother for personal injury and the son for breach of contract. As the court put it, "The same judge, jury, or arbitrator—or different judges, juries, or arbitrators—could have found [son]'s claim was valid but his mother's not, or vice versa." (*Demirgian* v. *Superior Court, supra,* 187 Cal.App.3d at p. 377.)

As we understand the foregoing cases, *Trump* establishes that a timely request for trial de novo operates to vacate the arbitration award in its entirety, putting the case at large as though no arbitration proceedings had occurred. (Accord, *Muega* v. *Menocal* (1996) 50 Cal.App.4th 868, 876 [57

Cal.Rptr.2d 697]; *Wagy* v. *Brown* (1994) 24 Cal.App.4th 1, 7 [29 Cal.Rptr.2d 48].) This holding is wholly consistent with the arbitration statute and the rules promulgated by the Judicial Council with respect to judicial arbitrations. (See, e.g., Code Civ. Proc., § 1141.23; Cal. Rules of Court, rules 1615(c), 1616(c).) *Demirgian* sets forth a limited exception to the rule of *Trump*, applicable only when two or more arbitration awards rendered in a single arbitration proceeding are based on facts and law wholly independent of each other. (*Muega* v. *Menocal, supra*, 50 Cal.App.4th at p. 876; *Wagy* v. *Brown, supra*, 24 Cal.App.4th at p. 7.) Because appellant's cross-complaint for equitable indemnification was necessarily related to plaintiff's complaint against both appellant and respondent for negligence, it was not "totally unrelated, both legally and factually," to the complaint. Consequently, plaintiff's filing of his request for trial de novo vacated the arbitration award in toto, and put the case at large. (*Trump* v. *Superior Court, supra*, 118 Cal.App.3d at p. 417.)

This is not to say that a statute or rule might not be adopted which would require each party who wishes to have the cause tried to a court or jury to file a request for trial de novo or forego the right to a trial, regardless of whether another party to the action has filed such a request. However, unless and until such a rule is promulgated, we conclude that one party's de novo trial request operates to vacate the entire arbitration award, including an award on a factually and legally related cross-complaint.

Since we reverse the judgment below, respondent is no longer the prevailing party, and thus not entitled to attorney fees pursuant to Civil Code section 1717. Accordingly, the order awarding attorney fees is also reversed.

### DISPOSITION

The judgment and order are reversed. Appellant is to recover its costs on appeal.

Turner, P. J., and Grignon, J., concurred.