[No. E022135. Fourth Dist., Div. Two. Nov. 29, 1999.]

LEWCO IRON METALS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
MICHAEL DIBBLE, SR., et al., Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.A.

## COUNSEL

Combs & Schaertel, Arthur T. Schaertel and William R. Lutz for Petitioners.

No appearance for Respondent.

Anthony & Carlson and Richard H. Carlson for Real Parties in Interest.

## OPINION

**RICHLI, J.**—Case law holds generally that, where one party to a multi-party judicial arbitration proceeding requests a trial de novo, the entire arbitration award is vacated and the whole case must be tried. A limited exception has been recognized, under which an award in favor of one party may stand despite a trial de novo request by another, where the two parties' claims are legally and factually unrelated. We must decide whether that exception applies here. We conclude that, if the exception is valid at all in view of the governing statutes and court rules, it has no application in this case.

I

### PROCEDURAL BACKGROUND

Michael Dibble, Sr. (Father), and Michael Dibble, Jr. (Son), brought a combined action for wrongful death and personal injuries. Father's wrongful death claim alleged his daughter, Victoria Dibble, died as a result of a collision between a vehicle in which she was a passenger and a truck owned and operated by defendants. Son's personal injury claim alleged he also was a passenger in the vehicle and was injured as a result of the collision.

Concurrently, Son brought a separate action for wrongful death and personal injuries. Son's wrongful death claim alleged his mother, who was driving the vehicle in which he was a passenger, died in the collision. Son also alleged damages based on his own injuries and on witnessing his mother's death.

The lower court ordered the actions consolidated, and Father and Son filed an amended complaint asserting each of the claims noted above and adding a claim based on Son witnessing Victoria Dibble's death. The case went to judicial arbitration (Code Civ. Proc., § 1141.10 et seq.), and Father was awarded $300,000 and Son $325,000. Son timely requested a trial de novo pursuant to Code of Civil Procedure section 1141.20.[1] No other party requested a trial de novo.

The clerk entered judgment for Father on the arbitration award pursuant to section 1141.23.[2] Defendants objected to entry of the judgment based on Son's trial de novo request. They also moved to vacate the judgment based on the same ground. The lower court denied the motion, and defendants appealed from the order denying the motion.

II

DISCUSSION

A. *Appealability**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Merits*

The issue of whether one party's request for a trial de novo effectively vacates the entire arbitration award and requires a trial of the whole case was first considered in *Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411 [173 Cal.Rptr. 403] (*Trump*). The plaintiff in *Trump* sued

---

[1]Section 1141.20 provides in relevant part: "(a) An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court. [¶] (b) Any party may elect to have a de novo trial, by court or jury, both as to law and facts. . . ."
Unspecified statutory references are to the Code of Civil Procedure.
[2]Section 1141.23 provides in relevant part: "If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided by Section 473, 1286.2, or Judicial Council rule."
*See footnote, *ante*, page 837.

Carlino on an agreement between the plaintiff and Carlino to purchase a business from the Trumps. In the same action, the plaintiff also sued the Trumps on their agreement to sell the business. The Trumps cross-complained against the plaintiff for breach of the sale agreement.

In a judicial arbitration proceeding, the plaintiff received an award against Carlino, but the Trumps received an award on their cross-complaint against the plaintiff. Carlino timely elected a trial de novo, but the plaintiff did not. The court nonetheless held Carlino's trial de novo request required trial of the entire case, including the Trumps' cross-complaint against the plaintiff.

The court noted, first, that the statutes and court rules pertaining to judicial arbitration made no provision for a trial de novo as to *part* of an arbitration award. (*Trump, supra*, 118 Cal.App.3d 411, 415.) Second, the court stated it would be unfair to allow a party to wait until the last possible moment and then request a trial de novo only on certain aspects of the award, when the other party had refrained from requesting a trial de novo based on its satisfaction with the award as a whole. (*Id.*, at pp. 416-417.)

At the same time, the court in dictum indicated there might be situations in which a partial trial de novo would be appropriate: "If plaintiff's claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo. Here, however, where the claims emanate from a single integrated set of facts, and where resolution of a factual issue may affect several theories of liability, the resulting award is more appropriately treated as indivisible for purposes of subsequent trial." (*Trump, supra*, 118 Cal.App.3d 411, 417.)

Subsequent decisions have endorsed *Trump*'s conclusion that *any* timely request for a trial de novo ordinarily requires trial of the entire case. (See, e.g., *Muega v. Menocal* (1996) 50 Cal.App.4th 868, 876 [57 Cal.Rptr.2d 697] [plaintiffs could not request trial de novo as to one defendant only where claims against both defendants emanated from same facts]; *Wagy v. Brown* (1994) 24 Cal.App.4th 1, 7 [29 Cal.Rptr.2d 48] [trial de novo request "operates to vacate the arbitration award in its entirety" (dictum)]; *Boyd v. Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 382 [258 Cal.Rptr. 473] [defendant could not request trial de novo " 'on the Complaint only' " (dictum)].) Most recently, the court in *Southern Pacific Transportation Co. v. Mendez Trucking, Inc.* (1998) 66 Cal.App.4th 691 [78 Cal.Rptr.2d 236] held that a plaintiff's request for trial de novo required trial of the defendants' indemnity cross-complaints against one another, even though the plaintiff later settled with both defendants and therefore was no longer in the case.

The court stated: ". . . *Trump* establishes that a timely request for trial de novo operates to vacate the arbitration award in its entirety, putting the case at large as though no arbitration proceedings had occurred." (*Id.*, at p. 695.)

One decision has allowed a trial de novo on fewer than all claims. In *Demirgian v. Superior Court* (1986) 187 Cal.App.3d 372 [231 Cal.Rptr. 698] (*Demirgian*), a mother and son were injured when their car was struck by the defendant's vehicle. The son settled with the defendant, but the defendant breached the settlement agreement and the son sued on the agreement. The mother sued in the same action for her personal injuries from the accident. Arbitration awards were made in favor of both plaintiffs. However, the mother requested a trial de novo.

The court held it was proper to enter judgment on the award to the son notwithstanding the mother's trial de novo request. Unlike the situation in *Trump*, the son's breach of contract claim was legally and factually independent of the mother's personal injury claim. A trier of fact could have found one claim valid but not the other. Therefore, since the purpose of the judicial arbitration program was to avoid civil trials, a request for trial of one claim should not require trial of the other. (*Demirgian, supra*, 187 Cal.App.3d 372, 376-377.)

Subsequent authority has interpreted *Demirgian* as establishing "a limited exception to the rule of *Trump*, applicable only when two or more arbitration awards rendered in a single arbitration proceeding are based on facts and law wholly independent of each other." (*Southern Pacific Transportation Co. v. Mendez Trucking, Inc., supra*, 66 Cal.App.4th 691, 696.) Father argues his case also merits an exception to the *Trump* rule. Although he acknowledges no decision has yet considered the issue in the precise context of this case, he asserts *Demirgian* is most closely on point and supports entry of a separate judgment here.

1. *Viability of the Demirgian exception*

Notwithstanding the dictum in *Trump* and the holding of *Demirgian*, we find nothing in the governing statutes and court rules that would permit entry of judgment in any case in which a trial de novo is requested, including cases involving "unrelated" claims. Section 1141.20, subdivision (b), provides that "[*a*]*ny party*" may request a trial de novo, and subdivision (a) of that section provides that an arbitration award "shall be final *unless a request for a de novo trial is filed* within 30 days after the date the arbitrator files the award with the court." (Italics added.) Section 1141.23 provides: "*If there is no request for a de novo trial* and the award is not vacated, the award shall be

entered in the judgment book in the amount of the award." (Italics added.) Rule 1615(c) of the California Rules of Court (rules) similarly provides that "[t]he clerk shall enter the award as a judgment forthwith upon the expiration of 30 days after the award is filed *if no party has, during that period, served and filed a request for trial* as provided in these rules." (Italics added.)[4]

These provisions plainly state that judgment may be entered *if there is no trial de novo request.* They nowhere state or imply that judgment may be entered *despite* a trial de novo request if the request comes from a party whose claim is not "related" to the claim on which judgment is sought. To so interpret them, we would have to insert qualifying language which simply is not there. It is well established that courts "are not authorized to insert qualifying provisions not included, and may not rewrite the statute to conform to an assumed intention which does not appear from its language." (*Stop Youth Addiction, Inc.* v. *Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 573 [71 Cal.Rptr.2d 731, 950 P.2d 1086].) Rather, "[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Additionally, neither the statutes nor the rules contain any language authorizing trial de novo of *part* of a case. Rather, rule 1616(b) provides that if a trial de novo is requested, "[t]*he case* shall be restored to the civil active list for prompt disposition . . . ." (Italics added.) Rule 1616(c) similarly states that "[t]*he case* shall be tried as though no arbitration proceedings had occurred." (Italics added.) The absence of any provision for partial trial de novo is particularly telling in view of the fact that in the analogous situation of a new trial motion, the Legislature has expressly authorized the grant of a new trial "on all or part of the issues." (§§ 657, 662.)

We recognize that the plain meaning of words in a statute may be disregarded if it is " ' "repugnant to the general purview of the act, or for some other compelling reason" ' " (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140]), such as where following the plain meaning " ' " ' would result in absurd consequences which the Legislature did not intend.' " ' " (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr.2d 278, 856 P.2d 1134].) It may well be, as *Demirgian* concluded, that the purposes underlying judicial arbitration would

[4]Judicial Council rules "have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions." (*In re Richard S.* (1991) 54 Cal.3d 857, 863 [2 Cal.Rptr.2d 2, 819 P.2d 843]; accord, *California Court Reporters Assn.* v. *Judicial Council of California* (1995) 39 Cal.App.4th 15, 22 [46 Cal.Rptr.2d 44].)

be better served by allowing entry of judgment on claims which are unrelated to the claims on which trial de novo is requested. However, the Legislature also may have concluded the benefit of permitting entry of judgment in such circumstances was outweighed by the concern expressed in *Trump*, that allowing a partial trial de novo would oblige a party who was satisfied with the award as a whole to seek a trial de novo anyway, to protect itself against a last-minute partial trial de novo request by an adverse party that would wipe out the favorable aspects of the award and leave the unfavorable aspects to proceed to a nonappealable judgment.[5]

Encouraging such "preemptive" trial de novo requests by parties who otherwise would be satisfied to abide by the award also would run counter to the purposes of judicial arbitration. We cannot conclude literal interpretation of the statutory language leads to such absurd or repugnant results as to justify disregarding its plain meaning. We therefore conclude neither the exception recognized in *Demirgian*, nor any other exception that would allow entry of judgment despite a trial de novo request, can be reconciled with the plain terms of the governing statutes.

## 2. *Application of the exception in this case*

As an alternative basis for our disposition, we conclude that, even assuming the dictum in *Trump* and the holding of *Demirgian* are correct that judgment may be entered on a claim that is "totally unrelated" to that on which trial de novo is sought, that principle does not apply here. Father's and Son's claims are not totally unrelated. Both sets of claims arise from the same accident. Although they involve different legal theories and measures of damages, both sets of claims ultimately depend on a showing that defendants were negligent and that their negligence proximately caused the collision and the resulting injuries. A trier of fact could not find for purposes of Father's claim that defendants' negligence proximately caused the collision, and yet reach a different conclusion on that issue for purposes of Son's claims. Thus, the situation here is unlike that in *Demirgian*, where the determination of whether the son had an enforceable claim for breach of the settlement agreement could be made completely independently of whether the mother had a valid claim for personal injuries.

Father argues his case should be considered "unrelated" to Son's notwithstanding the fact they involve common issues of liability. Father notes the

---

[5]We note the court in *Demirgian* found this argument unpersuasive, rejecting the defendant's contention that he would have requested a trial de novo on the son's claim had he known the mother would request trial on her claim. It stated that, if the defendant was dissatisfied with the award to the son, he should have filed his own trial de novo request. (187 Cal.App.3d at p. 378.)

court in *Flynn* v. *Gorton* (1989) 207 Cal.App.3d 1550 [255 Cal.Rptr. 768] (*Flynn*) held judicial arbitration judgments have no collateral estoppel effect in subsequent court proceedings involving the same facts. (*Id.*, at p. 1556.) Since his judgment would have no collateral estoppel effect in a separate trial de novo on Son's claims against defendants, Father argues, there is no reason not to allow his judgment to stand even though the trier of fact in Son's action might reach inconsistent results on the liability issues.

However, we think it is far from clear that Father's judgment would have no collateral estoppel effect in Son's case. Father fails to discuss *State Farm Mut. Auto. Ins. Co.* v. *Superior Court* (1989) 211 Cal.App.3d 5 [259 Cal.Rptr. 50] (*State Farm*).[6] There, the court disagreed with *Flynn*'s conclusion that a judicial arbitration judgment can never have collateral estoppel effect. It held such a judgment *is* entitled to collateral estoppel effect as long as the award "*actually, necessarily* and *finally*" resolved the issue on which collateral estoppel is sought. (*Id.*, at pp. 12-14.)

Given the uncertainty, and in the absence of any indication as to how the Supreme Court would resolve the issue,[7] we are not inclined to accept Father's proposition that his and Son's actions should be considered unrelated to one another in spite of their common issues. We therefore reject Father's effort to bring his case within the "unrelated claims" exception to the *Trump* rule.

### III

### CONCLUSION

While, for the foregoing reasons, we conclude the court erred in entering judgment on Father's award notwithstanding Son's trial de novo request, we do so with some reluctance. The stated purpose of judicial arbitration is to remove cases from the civil dockets for "prompt" and "economical" resolution. (§ 1141.10, subd. (b)(1).) One can make a strong argument that it is antithetical to that purpose to require trial de novo on a claim where neither party involved in that claim has requested trial de novo, simply because another party has requested trial de novo on his or her own claim. This is especially true where, as here, if not for the fortuity of the claims having

---

[6]Curiously, defendants also fail to cite *State Farm*.

[7]In *Vandenberg* v. *Superior Court* (1999) 21 Cal.4th 815 [88 Cal.Rptr.2d 366, 982 P.2d 229], the Supreme Court held that a judgment based on a *private* arbitration award does not have collateral estoppel effect in favor of a nonparty to the arbitration absent an agreement giving the judgment such preclusive effect. However, the court specifically noted the disagreement between *Flynn* and *State Farm*, and expressly declined to state any view as to the collateral estoppel effect of a *judicial* arbitration judgment. (21 Cal.4th at p. 824, fn. 2.)

been consolidated, they could have been litigated separately, and one plaintiff's trial de novo request would have had no effect on the right of the other to stand on his judgment. (See *Demirgian*, *supra*, 187 Cal.App.3d 372, 377.)

Notwithstanding these concerns, the relevant statutes and case law as we have interpreted them compel us to conclude entry of the judgment in favor of Father was improper. Whether a different rule should be created for cases such as this one is a judgment for the Legislature, not this court.

## IV

### DISPOSITION

We deem the purported appeal a petition for writ of mandate. Let a peremptory writ of mandate issue commanding the superior court to vacate the judgment in favor of Father and to restore the matter to its civil active list for prompt disposition, in accordance with rule 1616(b). Petitioners are directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Costs on appeal to petitioners.

Ramirez, P. J., and Gaut, J., concurred.

Petitioners' application for review by the Supreme Court was denied March 22, 2000.