949 P.2d 51

Glen VALLER, Petitioner,

v.

The Honorable Kenneth LEE, a Judge of the Superior Court of the State of Arizona, County of Pima; and the Honorable Clifford Altfeld, a Judge Pro Tempore of the Superior Court of the State of Arizona, County of Pima, Respondents,

and

Mark Allen HENSLEY and Maria Hensley, husband and wife, and Laura A. Summerfield, Real Parties in Interest.

No. 2 CA–SA 97–0101.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 12, 1997.

Michael E. Larkin, Tucson, for Petitioner.

Lewis and Roca, L.L.P by Susan M. Freeman, Thomas Klinkel, and Brenden J. Griffin, Tucson, for Real Parties in Interest Hensley.

Patrick C. Hurd & Associates by Patrick C. Hurd, Tucson, for Real Party in Interest Summerfield.

## OPINION

PELANDER, Presiding Judge.

This special action arises from the aftermath of a compulsory arbitration proceeding conducted pursuant to A.R.S. § 12–133 and the Uniform Rules of Procedure for Arbitration (Uniform Rules), 17B A.R.S. We are asked to decide what effect one defendant's notice of appeal from the arbitration award has upon a nonappealing codefendant, when the plaintiff did not appeal from the award. We previously accepted jurisdiction of the petition for special action and issued an order granting relief, with this opinion to follow.

Petitioner/plaintiff Glen Valler brought the underlying tort action against real parties in interest/defendants Hensley and Summerfield for injuries he sustained as a passenger in a car driven by defendant Mark Allen Hensley when it collided in a Tucson intersection with a car driven by defendant Laura Summerfield. Both defendants denied negligence, and Hensley cross-claimed for damages against Summerfield. The action was referred to arbitration pursuant to Rule 3.9 of the Local Rules of Practice for the Superior Court of Pima County, 17B A.R.S. The arbitrator found defendant Summerfield solely at fault, awarding damages to plaintiff on his complaint and to Hensley on his cross-claim. The arbitrator further found in favor of defendant Hensley on plaintiff's complaint and awarded Hensley his costs.[1]

In January 1997, Summerfield filed a timely notice of· appeal from arbitration under Uniform Rule 7 and requested a jury trial in Pima County Superior Court. The court set the case for trial in September and notified all parties of the trial date. In July, defendant Hensley moved to have paragraph (2) of the arbitration award, which ruled in his favor and against plaintiff on the complaint, declared final and binding, thereby exempting him as a defendant from the trial *de novo*. The trial court granted the motion, and plaintiff then sought special action relief from this court.

■ We accepted special action jurisdiction because plaintiff has· no equally plain, speedy, and adequate remedy by appeal, *Purcell v. Superior Court,* 172 Ariz. 166, 835 P.2d 498 (App.1992), and because interpretation of the Uniform Rules is a matter of statewide importance. *Jones v. Buchanan,* 177 Ariz. 410, 868 P.2d 993 (App.1993). In addition, the petition raises a purely legal issue of first impression which may recur, and refusal to correct the error at this stage would be pointless. *In re Denton,* 190 Ariz. 152, 945 P.2d 1283 (1997).[2]

Section 12–133(A), originally enacted in 1971, requires the superior court in each county to establish compulsory arbitration in all cases in which the court finds or the parties agree that the amount in controversy does not exceed the jurisdictional limit, not to exceed $50,000, set by each county. Section 12–133(H) provides: "Any party to the arbitration proceeding may appeal from the arbitration award to the court in which the award is entered by filing, within the time limited by rule of court, a demand for trial de novo on law and fact." Pursuant to § 12–133, the

---

1. The pertinent provisions of the arbitration award state:

   ■ IT IS THE JUDGMENT of the arbitrator that the Plaintiff, Glen Valler, have judgment against Defendant Laura Summerfield in the amount of $25,789.17, plus taxable costs in the amount of $351.46, for a total award of $26,140.63, plus interest at the rate of 10% from the date of final judgment until paid.
   ■ IT IS FURTHER THE JUDGMENT of the arbitrator that Plaintiff Glen Valler take nothing for his claim against Defendant and Crossplaintiff, Mark Hensley, and judgment be in favor of Defendant and Crossplaintiff Hensley on Vallers' [sic] claim and Defendant and Crossplaintiff Hensley shall be awarded his costs of $377.50.

   ■ IT IS FURTHER THE JUDGMENT of the arbitrator that Crossplaintiff Hensley have judgment against Defendant Summerfield in the amount of $8,000.00, plus taxable costs in the amount of $162.00 total award of $8,162.00 plus interest at the rate of 10% from the date of final judgment until paid.

2. We also note that defendant Hensley submitted a proposed form of judgment to the trial court containing language under Rule 54(b), Ariz. R. Civ. P., 16 A.R.S. Assuming the trial court has signed or would have entered that judgment, it would be properly appealable. Unlike this special action, however, the appeal would not have been resolved before the trial.

supreme court adopted the Uniform Rules in 1974. Rule 7 provides in pertinent part:

> **(a) Notice of Appeal.** Any party who appears and participates in the arbitration proceedings may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court within twenty days after the filing of the award.
>
> \* \* \*
>
> **(c) Appeals De Novo.** All appeals shall be de novo on law and facts.
>
> \* \* \*
>
> **(e) Waiver of Right to Appeal.** At any time prior to the entry of an award by the arbitrator, the parties may stipulate in writing that the award so entered shall be binding upon the parties.

Similarly, Uniform Rule 3 provides in part: "In the event that an appeal is taken from an arbitration award, any legal rulings made by the arbitrator shall not be binding on the Court or the parties...." Thus, while arbitration is mandatory in cases subject to the particular local rule, absent a stipulation by the parties, the resulting arbitration award is nonbinding if a timely appeal is filed. The right to trial *de novo* is essential to the constitutionality of compulsory arbitration, since both the United States and Arizona Constitutions guarantee the right to trial by jury.[3]

As he did in the trial court, Hensley contends that, as a matter of "[b]asic appellate procedure," Summerfield's notice of appeal was ineffectual as to paragraph (2) of the arbitration award because Summerfield was not "aggrieved" by it within the meaning of Rule 1, Ariz. R. Civ.App. P. (ARCAP), 17B A.R.S. *See In re Strobel*, 149 Ariz. 213, 717 P.2d 892 (1986); *Chambers v. United Farm Workers Org. Comm.*, 25 Ariz.App. 104, 541 P.2d 567 (1975). Since only plaintiff was affected by that aspect of the award and did not appeal, Hensley argues, the determination in his favor on plaintiff's complaint should be "final and binding" pursuant to Uniform Rule 5(c), which provides:

> **(c) Legal Effect of Award.** Upon expiration of the time for appeal and if no appeal has been taken, the award shall become final and binding as a judgment of the Superior Court, and the Clerk of the Superior Court shall enter the award in the judgment docket.

In essence, Hensley asserts that no appeal was taken as to paragraph (2) of the award for purposes of Rule 5(c).

The authority Hensley cites, although applicable to civil appeals to the court of appeals and the supreme court, *see* ARCAP Rule 1, is inapposite in the context of compulsory arbitration, in which an "appeal" is not a request for review but, rather, a demand for trial *de novo. Jarostchuk v. Aricol Communications, Inc.*, 189 Ariz. 346, 942 P.2d 1178 (App.1997). The rules governing civil appellate procedure simply do not transfer to the compulsory arbitration arena. Had the legislature and our supreme court intended otherwise, presumably § 12–133(H) and Uniform Rule 7(a) would parallel ARCAP Rule 1, which permits an appeal "by any party aggrieved by the judgment." Instead, § 12–133(H) allows "[a]ny party to the arbitration proceeding" to demand a trial de novo, and Uniform Rule 7 permits "[a]ny party who appears and participates in the arbitration proceedings [to] appeal from the award," requiring that all appeals be "de novo on law and facts."[4]

Hensley's argument finds no direct support in the statute, the Uniform Rules, or any other authority. On the contrary, Uniform Rule 5(c) implies that a notice of appeal filed by any party prevents an award from becoming final. A court in Pennsylvania, one of the first states to adopt a compulsory arbitration scheme, has expressly so held. *Portock v. Philadelphia Transportation Co.*, 203 Pa.Super. 385, 198 A.2d 617 (1964), arose from facts remarkably similar to these. Por-

---

3. U.S. Const. amend. VII; Ariz. Const. art. II, § 23; Ariz. R. Civ. P. 38(a).

4. In contrast, judicial review of consensual arbitration awards under the Uniform Arbitration Act, A.R.S. §§ 12–1501 through 12–1518, is limited to specified, statutory grounds for modifying, correcting, or refusing to confirm an arbitration award. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 180 Ariz. 148, 882 P.2d 1274 (1994); *City of Cottonwood v. James L. Fann Contracting*, 179 Ariz. 185, 877 P.2d 284 (App.1994).

tock was a passenger on a Philadelphia Transportation Company (PTC) bus when it collided with an Eastern Greyhound bus. Her case against both companies was referred to an arbitrator, who awarded Portock damages against PTC and found in favor of Greyhound. Greyhound then obtained a judgment in its favor on the arbitration award. PTC appealed under a rule which, like Arizona's, provided that "[a]ny party may appeal from the action of the Board of Arbitrators to the County Court of Philadelphia.... All appeals shall be de novo." *Id.* 198 A.2d at 618.

The issue on appeal was whether "the judgment entered in favor of Greyhound on the arbitrator's award [made] the matter res judicata or establishe[d] the law of the case as to Greyhound so that it [could] not be compelled to litigate the question of its liability a second time." *Id.* at 619. The court held that PTC's timely appeal "rendered the whole matter de novo in the county court" and prevented the judgment in Greyhound's favor from becoming final. The court interpreted "de novo" to mean that the arbitration proceedings were "completely superseded," as if they had never occurred, thus requiring the case to be "tried afresh by the [trial] court," with the same parties and issues as in the arbitration. *Id.*

Reaching the same result in a later case, the Pennsylvania court explained: "In order to maintain the appealing party's right to a jury trial on all issues involved in the case, his appeal may in certain cases carry with it other parties to the arbitration who have not technically filed appeals." *Mitchell v. City of Pittsburgh*, 233 Pa.Super. 119, 335 A.2d 403, 404 (1975). A concurring judge argued that "an appeal by one party from compulsory arbitration acts as an appeal by all parties on all issues," *id.* 335 A.2d at 405, contending such a rule "would not work a hardship on any party." *Id.* at 407.

New York and California are among the other states that have enacted statutes like Arizona's, mandating court-annexed arbitration in certain categories of cases. The operative statutes and rules are not identical to Arizona's but share the same key elements: compulsory but nonbinding arbitration, coupled with the availability of trial *de novo* upon a proper and timely appeal.[5] Like Pennsylvania, New York requires only one demand for a trial *de novo* to restore to the trial calendar all claims in an action, including counterclaims, cross-claims, and third-party claims. *Bridges v. City of Troy*, 112 Misc.2d 384, 447 N.Y.S.2d 124 (Sup.Ct.1982) ("[A] demand for a trial *de novo* has the effect of vacating an entire arbitrator's award and returning all of the causes of action pleaded to the court for trial."). *See also Flum v. Goldman Band Concerts, Inc.*, 128 Misc.2d 42, 487 N.Y.S.2d 1015 (N.Y.City Civ. Ct.1985).

In *Trump v. Superior Court*, 118 Cal. App.3d 411, 173 Cal.Rptr. 403 (1981), the California Court of Appeals reached a similar conclusion. An arbitrator awarded the plaintiff damages against one of three defendants and awarded a second defendant damages against the plaintiff on a cross-complaint. After the first defendant timely requested trial *de novo*, the second sought to be excluded from the ensuing trial but the trial court "ordered the trial to proceed for all parties and issues." *Id.* at 415, 173 Cal.Rptr. at 405. Finding no statutory or factual basis for a partial trial *de novo*, the appeals court also declined to allow trial *de novo* on some issues while accepting the arbitration award as dispositive of others, stating:

> If plaintiff's claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo. Here, however, where the claims emanate from a single integrated set of facts, and where resolution of a

5. In 1988, Congress enacted 28 U.S.C. §§ 651 through 658, allowing federal district courts to adopt local rules providing for mandatory, court-annexed arbitration in certain cases. Section 28–655 provides that, within 30 days after the filing of an arbitration award, "any party may file a written demand for a trial de novo in the district court." The "practice commentary" to § 655 observes: "If the demand is made, the case goes back to court as if it had never been touched by arbitration at all. Any right to trial by jury that would have obtained had the case not been sent to arbitration remains...."

factual issue may affect several theories of liability, the resulting award is more appropriately treated as indivisible for purposes of subsequent trial.

For the foregoing reasons, as applied to the specific factual context presented, we conclude that [the first defendant's] request for a "limited" trial de novo effected a trial as to all parties and upon all issues raised by the pleadings.

*Id.* at 417, 173 Cal.Rptr. at 406.

■ As in *Trump*, all claims and cross-claims in this case arise from a "single integrated set of facts." *Id.* The primary liability issue here is which defendant ran a red light. The arbitrator had some difficulty resolving that issue, noting "[t]he evidence weighs just barely in favor of finding [defendant] Summerfield entered on the red light." Particularly on these facts, when a trier is likely to assess fault against at least one if not both of the defendants and find in favor of plaintiff, an injured passenger,[6] a single trial of all issues is not only appropriate but also envisioned by Arizona's comparative fault statute, § 12–2506(C), which provides in part: "The relative degree of fault of the claimant, and the relative degrees of fault of all defendants and nonparties, shall be determined and apportioned *as a whole at one time by the trier of fact.*" (Emphasis added.) Allowing Summerfield to appeal only a portion of the award would place plaintiff in precisely the position decried by the California court in *Trump*, that is, "forcing plaintiff to accept the adverse portion of the arbitration award while denying [him] its favorable aspects. To so penalize a party as a result of arbitration would frustrate its purpose as a means of fair resolution of the parties' dispute." 118 Cal.App.3d at 416, 173 Cal.Rptr. at 406.

Hensley's final argument is that the "10% sanction" of Uniform Rule 7(f), requiring the appellant of an arbitration award to pay an appellee's taxable costs, reasonable attorneys' fees and expert witness fees on appeal unless the appellant achieves a result on trial *de novo* at least 10% more favorable than the arbitration award, would unfairly penalize Summerfield by potentially requiring her to pay Hensley's costs and fees for defending a claim in which Summerfield has no stake. *See also* § 12–133(I). Hensley also argues that potentially saddling Summerfield rather than plaintiff with those sanctions gives plaintiff "a windfall for failing to file his own notice of appeal."

Hensley's concerns for Summerfield may be unfounded since Summerfield has not expressed any of those concerns herself. Moreover, Hensley's argument overlooks the fact that, by not appealing, plaintiff signaled his willingness to abide by the arbitration award in its entirety. Summerfield's appeal forced plaintiff to participate in further proceedings he had not elected and, in the process, to risk attaining an outcome less favorable than the arbitration award.[7] Under these circumstances, the possibility that sanctions might be assessed against Summerfield, as Hensley hypothesizes, would be less a windfall to plaintiff than recompense for requiring him, apparently against his wishes, to try his case *de novo*. We acknowledge that the sanctions provision may not fit neatly with all possible scenarios which might unfold in a trial de novo involving more than two parties when, as here, only one party appeals from the arbitration award.[8] We need not address and resolve such hypothetical issues, however, which are neither ripe for decision nor squarely before us.

---

6. Jury verdicts, of course, are inherently uncertain and often unpredictable. After accepting jurisdiction and granting relief but before filing this opinion, this court learned that on trial *de novo*, the jury returned a verdict in favor of both defendants and against plaintiff and in favor of Summerfield and against Hensley on his cross-claim.

7. We note that the sanctions provision presumably is intended to discourage dubious or marginal appeals from arbitration awards, since an appeal effectively defeats the purpose behind

compulsory arbitration. *See Foy v. Thorp*, 186 Ariz. 151, 920 P.2d 31 (App.1996) (Arizona law and public policy favor arbitration). Requiring plaintiff in this context to appeal from the arbitration award in order to preserve his claim against Hensley would not further that intent.

8. That is particularly so in this case, given the outcome of the *de novo* jury trial. *See n. 6, supra.* We believe it would be advisable for the appropriate rules committee to review and consider amending Uniform Rule 7(f) to address multiple party cases such as this.

**396**

In sum, under Arizona's system of compulsory but nonbinding arbitration, any party who appears and participates in the arbitration proceedings and who timely appeals from the award is entitled to a trial *de novo* on the law and the facts. In view of Summerfield's timely appeal from the arbitration award, Hensley has no corresponding right to have a portion of the award declared final and binding absent a stipulation of the parties to that effect. Therefore, under the facts presented here, we hold that Summerfield's timely appeal prevents paragraph (2) of the award from becoming final under Uniform Rule 5(c) and requires the entire case to be tried *de novo* as to all parties, claims, and issues of law and fact.

ESPINOSA and HOWARD, JJ., concur.