977 P.2d 818

Eileen ORLANDO, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Linda A. Akers, a judge thereof, Respondent Judge,

Jo Anne Martin and John Doe Martin, wife and husband; Sheryl Lynn Bonnell, Real Parties in Interest.

Jo Anne Martin, Petitioner,

v.

The Honorable Linda A. Akers, Judge of the Superior Court of the State of Arizona, In and For the County of Maricopa, Respondent Judge,

Eileen Orlando; Sheryl Lynn Bonnell, Real Parties in Interest.

Nos. 1 CA–SA 98–0074, 1 CA–SA 98–0093.

Court of Appeals of Arizona, Division 1, Department E.

Oct. 20, 1998.

Review Denied May 25, 1999.

O'Connor, Cavanaugh, Anderson, Killings-worth & Beshears, P.A. by Steven D. Smith and Christopher Robbins, Phoenix, for Petitioner Martin.

Robert F. Gehrke, Michael J. Wicks, Phoenix, for Real Party in Interest Orlando.

Harry L. Howe, P.C. by Harry L. Howe, Scottsdale, for Real Party in Interest Bonnell.

## OPINION

GARBARINO, Judge.

¶ 1 In this special action, petitioner Jo Anne Martin asks this Court to vacate the trial court's order modifying her appeal and to permit her to appeal only as to real party in interest Eileen Orlando, the party against whom she is aggrieved. We accepted jurisdiction, and we grant relief.[1]

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Eileen Orlando and Sheryl Lynn Bonnell sued Martin in separate lawsuits for injuries allegedly arising out of an automobile accident. The record indicates that the multiple vehicle wreck occurred when Martin rear-ended a vehicle in which Bonnell was a passenger, ramming that car into Orlando's

vehicle. Martin moved to consolidate the two actions pursuant to Rule 42(a) of the Arizona Rules of Civil Procedure, arguing that the vehicle in front of Orlando caused the wreck by suddenly and intentionally stopping for no justifiable reason. In her reply in support of motion to consolidate, Martin stated that she

> ought to be protected from having to defend herself in two separate lawsuits which arrive [sic] out of exactly the same incident, and where the liability issues are exactly the same. Second, consolidation is the only way to prevent the potential of inconsistent results in two separate lawsuits. Third, judicial time and expense will be saved by one trial instead of two. Fourth, the plaintiff Bonnell will not suffer any real prejudice. . . .

The trial court granted Martin's motion over Bonnell's objection.

¶ 3 Because of the amount of damages in controversy, the trial court assigned the case to arbitration under Arizona Revised Statutes Annotated (A.R.S.) section 12–133 (Supp.1997) and Rule 3.10 of the Local Rules of Practice for the Maricopa County Superior Court. The arbitrator found Martin at fault with regard to Orlando and ordered her to pay Orlando's damages and costs. The arbitrator also determined that Bonnell failed to prove that her injuries and damages had resulted from the automobile accident and ordered her to pay Martin's costs.

¶ 4 Martin subsequently filed an appeal that addressed *only* the award in Orlando's favor. Citing A.R.S. section 12–133(H) and Rule 7(c) of the Uniform Rules of Procedure for Arbitration (Uniform Rules), Orlando moved to dismiss Martin's appeal for failure to strictly comply with statutory mandates and asked for reinstatement of the arbitration award. Orlando argued that Martin's appeal was jurisdictionally defective because it addressed only a part of the arbitration award, contrary to the statute's requirement that an appeal from arbitration be *de novo*. Additional pleadings followed.

---

1. We preface this opinion by explaining that this Court declined to accept jurisdiction in 1 CA–SA 98–0074, a special action filed by Orlando as the petitioner. However, we accepted jurisdiction

and granted relief in 1 CA–SA 98–0093, a special action filed by Martin as petitioner, with this opinion to follow.

¶ 5   The trial court held a hearing, at which Orlando reiterated her contention that the court did not have jurisdiction over Martin's appeal.  Orlando also argued that it was too late for Martin to amend her appeal. Citing *Valler v. Lee*, 190 Ariz. 391, 949 P.2d 51 (App.1997), the trial court agreed that Martin's appeal was improper.  The trial court stated:

> As far as this court is concerned I have to follow the principles set forth in Valler until I'm advised that another court has changed that opinion.  Given the fact that Valler requires that when an appeal from an arbitration award is filed, it is effective as to all parties, all claims, and all issues as to fact and law.  Since the Valler court indicated that was a case of first impression, it would appear that the Court should at least give the defendant Martin an opportunity to amend his complaint, or her complaint, I mean her appeal, to this court. And if Martin does not do so, then the Court has no other alternative but to dismiss the case.

The trial court subsequently found *Valler* controlling and ordered that Martin's appeal constituted "an appeal to all parties, claims, and issues of fact and law."

¶ 6   Martin filed her Petition for Special Action with this Court, and other pleadings followed, including the parties' requests for attorneys' fees.  After hearing oral argument concerning Martin's petition, we accepted special action jurisdiction with an opinion to follow.  This is that opinion.

## ISSUES

I.   Did the trial court abuse its discretion by ordering Martin's appeal effective as to all parties?

II.   Should this Court grant the parties' requests for attorneys' fees?

## DISCUSSION

¶ 7   We are faced with determining the impact of a defendant's appeal of a compulsory arbitration award upon a non-appealing plaintiff whom the defendant excluded from the appeal.

■   ¶ 8   We find that special action jurisdiction is appropriate in this case because Martin has no equally plain, speedy, and adequate remedy by appeal regarding the question of whether the trial court erred by requiring her to amend her appeal to include Bonnell.  *See Purcell v. Superior Ct.*, 172 Ariz. 166, 169, 835 P.2d 498, 501 (App.1992). In addition, interpretation of the Uniform Rules is a matter of statewide importance. *See Valler*, 190 Ariz. at 392, 949 P.2d at 52. Finally, the petition raises a purely legal question of first impression, akin to that recently addressed in *Valler*, which may recur. *See In re Denton*, 190 Ariz. 152, 154, 945 P.2d 1283, 1285 (1997).

### I.   The Trial Court Abused its Discretion.

■   ¶ 9   The trial court abused its discretion by granting Martin's appeal as to *all parties*, when her appeal named only Orlando.  When the facts or theories of liability differ as unrelated claims between the parties, the law does *not* require that an appeal from an arbitration award be *de novo* regarding all parties.  *See* A.R.S. § 12–133(H) ("Any party to the arbitration proceeding may appeal ... by filing ... a demand for trial de novo on law and fact.");  Uniform Rules Rule 7(c) ("All appeals shall be de novo on law and facts.").

¶ 10   Orlando relies upon the recent *Valler* decision in arguing that Martin's appeal is jurisdictionally deficient.  The *Valler* court found that an appeal of an arbitration award must be "tried *de novo* as to all parties, claims, and issues of law and fact" in order to prevent any unappealed portion of the award "from becoming final under Uniform Rule 5(c)."   190 Ariz. at 396, 949 P.2d at 56.

¶ 11   We recognize that joinder was necessary in *Valler* due to the defendants' comparative fault.  *See id.* at 395, 949 P.2d at 55 ("The primary liability issue here is which defendant ran a red light.");  A.R.S. § 12–2506(C) (Supp.1997) ("The relative degree of fault of the claimant, and the relative degrees of fault of all defendants and nonparties, shall be determined and apportioned as a whole at one time by the trier of fact.").

■   ¶ 12   Here, however, the claims *can* be resolved in separate proceedings.  Therefore, joinder is not absolutely necessary.  As the *Valler* court explained, " '[i]f plaintiff's

claims against the various defendants were totally unrelated, both legally and factually, a better argument could be made in favor of a subsequent partial trial de novo.'" 190 Ariz. at 394, 949 P.2d at 54 (quoting *Trump v. Superior Ct.,* 118 Cal.App.3d 411, 417, 173 Cal.Rptr. 403 (1981)). In the present case, as evidenced by the original filing of *two separate* lawsuits, it would be possible to separately try each plaintiff's claims against Martin. Moreover, as demonstrated by the arbitrator's award, neither plaintiff's relief (nor lack thereof) against Martin was dependent upon the other's remedy.

¶ 13 The law states that any appeal of an arbitration award must be *de novo* as to law and facts. *See* Uniform Rule 7(c). It does *not* require that each appeal be *de novo* as to all parties. *Cf.* Ariz. R. Civ. P. 20 (allowing for the permissive joinder of parties). Accordingly, we hold that when joinder is *not* required, an appeal of an arbitration award is only effective as to the party appealing the award and the party or parties *named* in that appeal. As Rule 3 of the Uniform Rules sets forth, the Rules of Civil Procedure shall apply to cases in arbitration when they are not inconsistent with the Uniform Rules.

II. *Attorneys' Fees are Denied.*

¶ 14 Both Bonnell and Orlando have requested attorneys' fees pursuant to Rule 7(g) of the Rules of Procedure for Special Actions. Martin and Orlando also have requested attorneys' fees under A.R.S. section 12–349 (1992). We deny all requests for attorneys' fees because this case involves an issue of first impression, and the parties have not acted frivolously or unjustifiably.

### CONCLUSION

¶ 15 Because Bonnell failed to timely appeal the arbitration award, she is excluded from this case as it proceeds to trial, and the arbitration award is final as to her. Martin properly limited her appeal of the arbitration award to the one plaintiff, Orlando, against whom she was aggrieved. We grant relief regarding the trial court's order modifying Martin's appeal and remand for proceedings consistent with this decision. However, we deny all parties' requests for attorneys' fees.

JAMES B. SULT, Presiding Judge, and THOMAS C. KLEINSCHMIDT, Judge, concur.