992 P.2d 1128

**SCHWAB SALES, INC., a foreign corporation, Plaintiff/Appellant,**

v.

**GN CONSTRUCTION CO., INC., an Arizona corporation, Defendant/Appellee.**

**No. 2 CA–CV 97–0210.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 8, 1998.

Paul S. Harter, P.C. by Paul S. Harter and Alicia Mykyta, Phoenix, Attorneys for Plaintiff/Appellant.

Schwanbeck & Present, P.L.L.C. by Victor R. Schwanbeck, Tucson, Attorneys for Defendant/Appellee.

## *OPINION*

FLÓREZ, Judge.

¶ 1   Plaintiff/appellant Schwab Sales, Inc., challenges the superior court's award of attorney's fees to defendant/appellee GN Construction Company for GN's attorney's fees incurred in court-annexed arbitration. We affirm.

## BACKGROUND

¶ 2   Schwab sued GN alleging that GN, a general contractor, was unjustly enriched because Acme Paving, GN's subcontractor, failed to pay Schwab for the lease of construction equipment Acme used on GN's project. Before paying Schwab, Acme declared bankruptcy. Schwab's complaint was subject to court-annexed arbitration under A.R.S. § 12–133, the Uniform Rules of Procedure for Arbitration (Uniform Rules), 17B A.R.S., and Rule 3.9 of the Local Rules of Practice for the Superior Court of Pima County, 17B A.R.S. The arbitrator found GN had not been unjustly enriched by Acme's use of Schwab's equipment and denied GN's request for attorney's fees because "the action did not depend upon the existence of an express or implied contract between the parties" under A.R.S. § 12–341.01. Schwab appealed the arbitration award to superior court and after a trial de novo, the superior court also found GN had not been unjustly enriched. The court awarded attorney's fees to GN for both the trial de novo, as permitted by Uniform Rule 7(f)(ii), and for the arbitration proceeding. In this appeal, Schwab only challenges the award of attorney's fees related to the arbitration proceeding.

## DISCUSSION

¶ 3   Schwab first argues that Uniform Rule 7(f)(ii) limits the superior court's jurisdiction to award attorney's fees to only those "necessitated by the appeal." We review the interpretation of a rule de novo. *Patterson v. Maricopa County Sheriff's Office*, 177 Ariz. 153, 865 P.2d 814 (App.1993).

¶ 4   Under the traditional "American Rule," a prevailing party may not recover attorney's fees. *Marcus v. Fox*, 150 Ariz. 333, 723 P.2d 682 (1986). In Arizona, attorney's fees are not recoverable without authorization by statute, rule, or otherwise. *See State Farm Mut. Auto. Ins. Co. v. O'Brien*, 24 Ariz.App. 18, 535 P.2d 46 (1975). Uniform Rule 5 provides that an arbitrator may award attorney's fees to the prevailing party "if attorneys' fees are recoverable." Thus, if attorney's fees were not recoverable in the arbitration under Rule 5 because they were not authorized by statute, rule, or otherwise, they do not become an issue on appeal, except as provided by Uniform Rule 7(f)(ii) "for services necessitated by the appeal." If, however, the arbitrator had discretion to award the successful party attorney's fees pursuant to some statute, rule, or otherwise, the issue may be considered de novo on appeal from arbitration.

¶ 5   We find Schwab's interpretation of Uniform Rule 7(f)(ii) to allow attorney's fees only as necessitated by the appeal too narrow in light of Uniform Rule 5. Appeals from an arbitration award "are de novo on law and facts." Uniform Rule 7(c). "De novo" literally means "a second time." *Duncan v. Mack*, 59 Ariz. 36, 40, 122 P.2d 215, 217 (1942). On de novo review, the superior court approaches the case "in all manners as though the superior court were the court of original jurisdiction." *Id.* at 41, 122 P.2d at 218. Schwab's interpretation of Uniform Rule 7 would deny litigants a trial de novo as to "all parties, claims, and issues of law and fact." *Valler v. Lee*, 190 Ariz. 391, 396, 949 P.2d 51, 56 (App.1997). The arbitrator's conclusion that Schwab's cause of action "did not depend upon the existence of an express or

implied contract" under § 12–341.01 did not prevent the superior court's de novo consideration of GN's request for arbitration attorney's fees on Schwab's appeal from the arbitrator's award.

¶ 6  Schwab next contends that GN's failure to appeal or cross-appeal the arbitrator's denial of attorney's fees precluded the superior court from considering the issue because that portion of the arbitration award was an unappealed final order.  Though cited by neither party, *Valler* is dispositive.  In *Valler*, this court rejected the exact argument appellant raises here and clarified that on appeal from arbitration, the entire case is tried de novo in superior court.[1]

¶ 7  Furthermore, the Uniform Rules do not provide for a cross-appeal of an arbitration ruling.  Because all issues of law and fact are revived on appeal, a cross-appeal is unnecessary.  By its failure to appeal, GN had accepted the arbitrator's determination that it was not entitled to an award of attorney's fees; however, when Schwab appealed, the superior court conducted a de novo trial of all issues of law and fact as if the arbitration had never occurred.  GN properly used this opportunity to reassert its request for arbitration attorney's fees pursuant to § 12–341.01.

¶ 8  The issue before this court, then, is whether GN was entitled as the successful party to its attorney's fees incurred in arbitration.  The superior court does not state in the judgment the basis of its award to GN of its attorney's fees incurred in arbitration; therefore, we determine whether GN was entitled to such an award by any statute, rule, or otherwise.  GN requested its arbitration attorney's fees from the superior court pursuant to A.R.S. § 12–341.01.  The parties cite no other rule or authority for the award nor do we find any.  Thus, we are left only

with § 12–341.01 and the case law interpreting it.[2]

¶ 9  Section 12–341.01 provides in pertinent part as follows:

> A.  In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees.  This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.
>
> B.  The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense.  It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

We review the interpretation of a statute de novo.  *See, e.g., State v. Korzep*, 165 Ariz. 490, 799 P.2d 831 (1990).  If the language of the statute is unclear, we consider the legislative intent in determining its meaning.  *Id.*  The language of the statute providing for a discretionary award of attorney's fees "[i]n any contested action arising out of a contract, express or implied" has been the subject of much case law and is hardly "plain."  In contrast, in subsection B, the legislature clearly stated its intent to "mitigate the burden ... to establish a just claim or defense" by the award of attorney's fees to the successful party.  Courts interpret the language of this statute broadly.  *Marcus; ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 138 Ariz. 190, 673 P.2d 934 (App.1983).

¶ 10  Schwab asserts that its cause of action against GN is one of unjust enrichment, a theory of restitution, and GN is not entitled to attorney's fees under § 12–341.01.[3]  Relying on *Deutsche Credit Corp. v. Case Power*

---

1.  In cases in which the claims of different parties can be resolved in separate proceedings and "joinder is not absolutely necessary," an appeal from arbitration need not include all parties.  *Orlando v. Superior Court*, 280 Ariz. Adv. Rep. 10, ¶ 12, 194 Ariz. 96, ¶ 12, 977 P.2d 818, ¶ 12 (Ct.App.1998).

2.  Although GN's request cites no subparagraph of § 12–341.01, we see no basis in this record for any award under § 12–341.01(C).

3.  We note that when Schwab sought an award of attorney's fees as a part of its motion for summary judgment, it argued that its unjust enrichment claim arose out of a contract.

*& Equipment*, 179 Ariz. 155, 876 P.2d 1190 (App.1994), GN responds that Schwab's claim, though one of unjust enrichment, arises out of the contracts between Schwab and Acme and between Acme and GN, and thus GN is entitled to attorney's fees for the arbitration proceedings.

¶ 11    In determining whether the cause of action between Schwab and GN arose out of a contract, we consider whether the claim for unjust enrichment would exist but for a breach of a contract. *Cf. Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982) (court awarded attorney's fees in favor of insured on claim of breach of implied covenant of good faith). Thus, if Schwab's claim against GN would not exist but for a contract, the claim may be characterized as arising out of contract and § 12–341.01 applies, permitting a discretionary award of attorney's fees. On the other hand, if the claim is based on an alleged breach of duties implied by law, rather than by an express contract or one implied by the facts, it is unlikely that the claim arises out of contract. *Barmat v. John and Jane Doe Partners A–D*, 155 Ariz. 519, 747 P.2d 1218 (1987); *Lewin v. Miller Wagner & Co., Ltd.*, 151 Ariz. 29, 725 P.2d 736 (App.1986); *see also Cauble v. Osselaer*, 150 Ariz. 256, 262, 722 P.2d 983, 989 (App.1986) (claim arose from "breach of an independent duty inherent in the legal relationship created by the trial court's order appointing" a receiver).

¶ 12    Clearly, no express contract existed between GN and Schwab. That fact is not dispositive, however, because a cause of action may arise out of a contract even if one of the litigants was not a party to the contract or the contract was rescinded. *ASH* (claim arose out of a contract although claimant was not a party to the contract between the school district and supplier); *Deutsche Credit Corp.* (secured creditor's action against innocent buyer of equipment arose out of contract between seller/debtor and creditor); *Murdock–Bryant Constr., Inc. v. Pearson*, 146 Ariz. 57, 703 P.2d 1206 (App. 1984), *rev'd on other grounds*, 146 Ariz. 48, 703 P.2d 1197 (1985) (action arose out of a contract even though parties' express contract rescinded).

¶ 13    Interpreting the "arising out of" language in § 12–341.01 broadly, *Marcus*, we conclude that Schwab's claim against GN arose out of GN's contract with Acme. To fulfill that contract, Acme leased Schwab's equipment and, but for Acme's contract with GN, Schwab would not have had an unjust enrichment claim against GN. *See Welling v. American Roofing and Sheet Metal Co., Inc.*, 617 P.2d 206 (Okla.1980) (subcontractor with no express contract with homeowner recovered attorney's fees under statute because action based on a contract). Although not all unjust enrichment claims necessarily arise out of a contract under § 12–341.01, Acme and GN's express contract was the origin of Schwab's claim here. *See ASH*. Consequently, the claim arose out of that express contract and the superior court had the discretion under § 12–341.01 to award GN, as the successful party, its attorney's fees incurred in the arbitration proceedings.

¶ 14    The award of attorney's fees to GN is affirmed. In our discretion, we deny GN's request based on § 12–341.01 for attorney's fees on appeal to this court.

CONCURRING: WILLIAM E. DRUKE, Chief Judge, and JOHN PELANDER, Presiding Judge.