NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EDGAR TODESCHI, et al., *Plaintiffs/Appellants*,

*v.*

LETICIA ARREOLA, *Defendant/Appellee*.

No. 1 CA-CV 20-0500
FILED 5-20-2021

Appeal from the Superior Court in Yuma County
No. S1400CV201600767
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Richardson & Richardson PC, Mesa
By William R. Richardson
*Counsel for Plaintiffs/Appellants*

Berry Law Group PLLC, Phoenix
By Christopher J. Berry, Carmine DiPiero
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**B A I L E Y**, Judge:

¶1        At issue is the superior court's finding that the unjust enrichment claim by Edgar Todeschi and Georgina Ponce ("Appellants") against Leticia Arreola is a "contested action arising out of contract" under A.R.S. § 12-341.01(A).  For the following reasons, we agree that it is and affirm the court's award of attorneys' fees and costs to Arreola.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2016, Appellants filed a complaint against Ubaldo Juarez, alleging they lent money to Juarez, and he defaulted.  They alleged breach of contract and fraud related to the loan contract and unjust enrichment.  Appellants initially alleged Arreola was liable as Juarez's wife, then, after learning the parties were not married, amended the complaint to allege Arreola was liable with Juarez because she was in a "domestic joint venture" with him.

¶3        Thereafter, Juarez filed for bankruptcy, and the court stayed Appellants' claims against him.  At the trial, Appellants pursued only one claim against Arreola—unjust enrichment.

¶4        An advisory jury determined Appellants failed to prove any element of unjust enrichment against Arreola.  Both parties moved for entry of judgment, and the court dismissed the complaint and entered judgment in Arreola's favor.

¶5        Arreola then requested attorneys' fees under A.R.S. § 12-341.01.  She asserted that the unjust enrichment claim arose out of contract because Appellants had claimed she benefited from Juarez's alleged contract breach.  Appellants argued their claim did not depend on the loan contract but rather arose from Juarez's fraudulent conduct.  The court concluded the unjust enrichment claim arose out of contract under A.R.S. § 12-341.01(A) and awarded Arreola $35,000 in attorneys' fees and $307.05 in costs.

¶6        Appellants timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7        Appellants argue that the only claim they pursued against Arreola was for unjust enrichment, an equitable claim that did not depend on their contract with Juarez.  Appellants maintain the only issues at trial were whether Arreola benefited from the loan proceeds and, if so, whether she should be allowed to retain that benefit.  They contend the loan was "peripheral to the issues that were presented to the court and to the jury," and they offered evidence of a "joint venture" only to demonstrate that Arreola benefited because she shared a bank account with Juarez.

¶8        Although we review a court's award of attorneys' fees for an abuse of discretion, *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004), the interpretation and application of a statute presents a question of law that we review de novo, *Schwab Sales, Inc. v. GN Constr. Co., Inc.*, 196 Ariz. 33, 36, ¶ 9 (App. 1998).

¶9        Under A.R.S. § 12-341.01(A), the trial court has the discretion to award attorneys' fees to a successful party in an "action arising out of a contract."  A claim that "would not exist but for a contract . . . may be characterized as arising out of contract."  *Schwab*, 196 Ariz. at 37, ¶ 11; *Marcus v. Fox*, 150 Ariz. 333, 335 (1986) (stating courts look "to the nature of the action and the surrounding circumstances" and explaining that "fees are not appropriate based on the mere existence of a contract somewhere in the transaction," but rather, there must be a "causal link between [the] claim and the underlying contract"); *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544 (1982) (determining tort of bad faith could not be committed without an insurance contract and a breach thereof, and thus, was "so intrinsically related to the contract" that the action arose out of contract); *Hanley v. Pearson*, 204 Ariz. 147, 151, ¶¶ 17-18 (App. 2003) (explaining fee statute applies if a contract is an "essential basis" of the action and not merely a "factual predicate"); *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15, ¶ 27 (App. 2000) (stating "the court should look to the fundamental nature of the action rather than the mere form of the pleadings").

¶10        A claim for unjust enrichment requires proof of "five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of

justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Freeman v. Sorchych*, 226 Ariz. 242, 251, ¶ 27 (App. 2011); *accord Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 210, ¶ 9 (App. 2010) ("Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another.") (citation omitted). At trial, Appellants did not argue Arreola was liable for breach of contract or unjust enrichment as alternative theories of liability. Instead, the premise of their unjust enrichment claim against her was Juarez's breach of the loan contract. To determine whether a claim for unjust enrichment arises out of a contract in this context, "we consider whether [it] would exist but for a breach of contract." *Schwab*, 196 Ariz. at 37, ¶ 11.

**¶11** Here, Appellants loaned money to Juarez and entered a repayment contract with him. Juarez's alleged breach of the repayment contract is essential to Appellants' unjust enrichment claim because it is their only basis for asserting that enrichment/impoverishment is "unjust." *See Freeman*, 226 Ariz. at 251–52, ¶ 27 (explaining there must be an absence of justification). Likewise, the sole connection between Arreola's enrichment and Appellants' impoverishment is the loan. *See id.* (explaining there must be a connection). Thus, Appellants cannot establish elements three or four of their unjust enrichment claim against Arreola without Juarez's alleged breach of contract. *See id.*; *Schwab*, 196 Ariz. at 37, ¶¶ 11-12 (explaining "a cause of action may arise out of a contract even if one of the litigants was not a party to the contract"). Therefore, we conclude that the contract is an essential basis of the action and not merely a factual predicate. *See Hanley*, 204 Ariz. at 151, ¶¶ 17-18.

**¶12** Although Appellants urged the superior court to deny the fee application because their claim against Arreola was based on Juarez's fraud, the loan and Juarez's default were central to that claim. Moreover, Appellants pursued the intertwined fraud claim against Arreola until just before trial.

**¶13** But for Juarez's breach of contract, Appellants' claim against Arreola for unjust enrichment would not exist, and therefore, the superior court did not abuse its discretion by awarding Arreola attorneys' fees under § 12-341.01. *See Schwab*, 196 Ariz. at 37, ¶ 11.

## CONCLUSION

**¶14** We affirm the superior court's fee award. We grant Arreola her costs on appeal and, pursuant to A.R.S. § 12-341.01, her reasonable

attorneys' fees, both conditioned upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA