NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

MARY JANE PEARSON EVANS, *Petitioner/Appellee,*

*v.*

ANDREW J. EVANS, II, *Respondent/Appellant.*

No. 1 CA-CV 24-0784 FC

FILED 05-20-2025

Appeal from the Superior Court in Maricopa County
No. FN2021-000138
The Honorable Glenn A. Allen, Judge

**VACATED AND REMANDED IN PART**

COUNSEL

Zanon Law Offices, Phoenix
By Daniel A. Zanon
*Co-Counsel for Petitioner/Appellee*

Al Arpad, Phoenix
By Alexander R. Arpad
*Co-Counsel for Petitioner/Appellee*

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe joined.

---

**J A C O B S**, Judge:

¶1        Andrew J. Evans, II ("Husband") appeals the superior court's May 2024 Decree of Dissolution of Marriage ("the Decree") and the September 2024 minute entry ("September 2024 Order") denying Husband's Motion to Alter or Amend the Decree. Because the Decree did not make findings sufficient to satisfy A.R.S. § 25-319, we vacate the Decree and the September 2024 Order to the extent they deny Husband spousal maintenance and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

### A.        Wife Petitions for Dissolution in 2021, and Husband Seeks Spousal Maintenance.

¶2        Husband and Wife married in June 1976. In January 2021, Wife petitioned to dissolve the marriage. Husband requested findings of fact and conclusions of law under Arizona Rule of Family Law Procedure ("Rule") 82(a)(1). Husband also requested spousal maintenance "because Wife continue[d] to receive significant income from trust funds which create[d] a gross disparity of income between Husband and Wife." After the parties settled some of their differences in a partial agreement under Rule 69, the court held a trial on the remaining issues in March 2024.

### B.        The Court Decides Husband Is Not Entitled to Maintenance.

¶3        On May 21, 2024, the court entered a Decree of Dissolution of Marriage and denied Husband's request for $61,000 per month in spousal maintenance. In its spousal maintenance analysis, the court evaluated each factor identified in the 2018 version of A.R.S. § 25-319(A), rather than the then-current version of the statute.

¶4        With respect to whether Husband "[h]ad a marriage of long duration and [was] of an age that may preclude the possibility of gaining

2

employment adequate to be self-sufficient[,]" the court found "[t]he parties were married approximately 47 years, which is certainly a marriage of long duration." The court further found that "[d]ue to the age of the parties, neither is able to meaningfully rejoin the workforce and earn significant income."

¶5 The court made a series of other findings that cut against Husband's eligibility for maintenance. With respect to whether Husband "lack[ed] sufficient property" to provide for his reasonable needs, the court found that "Husband is not without significant assets . . . [including] millions of dollars in free and clear real estate, along with the proceeds of various other properties and accounts." With respect to whether Husband could "be self-sufficient through appropriate employment" or lacked earning ability, the court found Husband had assets sufficient to live comfortably for the rest of his life. The court found no evidence Husband either contributed significantly "to [Wife's] education, training, vocational skills, career or earning ability[,]" or reduced his income or career opportunities for Wife's benefit.

¶6 The court denied Husband's request for spousal maintenance, framing the "threshold question" as "entitlement, which is controlled by subsection (A)" of A.R.S. § 25-319. The court concluded "that in accordance with subsection (A) . . . [Husband was] not entitled to an award of spousal maintenance[.]" The court did not analyze the A.R.S. § 25-319(B) factors.

### C. The Court Denies Husband's Motion to Alter or Amend the Decree.

¶7 On June 14, 2024, Husband moved to alter or amend the decree, arguing the court did not make specific findings of fact Rule 82(a) required here. Husband argued that given his Rule 82(a) request, and because "Husband unquestionably met, at minimum, one of the A.R.S. § 25-319(A) factors[,]" the court was required to separately analyze the A.R.S. § 25-319(B) factors and address in its decision each factor the parties placed at issue.

¶8 Husband also argued the court was required to make, but did not make, specific findings under Rule 82 as to a variety of matters, including: (1) the dollar amount of Husband's reasonable needs under A.R.S. § 25-319(A); (2) the dollar value of the resources available for Husband to live off of; (3) the amount of Husband's income; (4) the amount of Wife's income; (5) whether the court's analysis included Husband being

forced to sell his house to live off the proceeds; and (6) why fees were not awarded despite the parties' supposed disparity in resources.

**¶9**         The court denied Husband's motion because "the [c]ourt made written findings based on the testimony and evidence presented[,]" finding "an insufficient basis presented for the [c]ourt to alter or amend its previous findings." The court also noted that neither counsel mentioned the Rule 82 request at trial or in post-trial filings or submitted "any requested findings along with their pretrial statements."

**¶10**       Husband timely appealed the Decree's denial of spousal maintenance and the September 2024 Order denying his motion to amend. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶11**       When reviewing the denial of spousal maintenance, this court accepts "the trial court's findings of fact unless clearly erroneous and draw[s] our own legal conclusions based on those facts." *In re Marriage of Cotter*, 245 Ariz. 82, 85 ¶ 6 (App. 2018) (quoting *Muchesko v. Muchesko*, 191 Ariz. 265, 271-72 (App. 1997)).

**I.**      **The Court Erred by Not Analyzing Whether Husband Was Entitled to Maintenance Under A.R.S. § 25-319(B) Once Its Findings Under A.R.S. § 25-319(A) Showed He Was Eligible for Maintenance.**

      **A.**      **Arizona's Two-Part Framework for Spousal Maintenance**

**¶12**       Arizona's spousal maintenance statute, A.R.S. § 25-319, requires courts to apply a two-part framework when resolving requests for maintenance. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 15 (App. 1998).

**¶13**       First, the court must find the requesting spouse is *eligible* for an award by analyzing the factors set out in A.R.S. § 25-319(A). *In re Cotter*, 245 Ariz. at 85 ¶¶ 7-8 ("Before granting a maintenance order, the trial court must, as a threshold matter, determine whether the requesting spouse is eligible for an award."). A spouse is eligible for maintenance if they satisfy any one of the eligibility factors in A.R.S. § 25-319(A). *Id.* at 86 ¶ 10.

**¶14**       Second, if the court finds the spouse is *eligible* by satisfying any of the factors in A.R.S. § 25-319(A), the court must then consider whether the spouse is *entitled* to an award under A.R.S. § 25-319(B). *See id.*

at 85 ¶ 7; *Wright v. Wright*, 1 CA-CV 21-0613 FC, 2023 WL 140428, at *2 ¶ 7 (Ariz. App. Jan. 10, 2023) (mem. decision).  In doing so, the court balances the thirteen factors enumerated in A.R.S. § 25-319(B).  *See Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).  To the extent Wife suggested at oral argument that even if one of the factors in A.R.S. § 25-319(A) is present, the court was nonetheless free to determine Husband lacked eligibility, our law is to the contrary.  *In re Cotter*, 245 Ariz. at 86 ¶ 10.

### B. The Court's Findings Showed Husband Fulfilled At Least One A.R.S. § 25-319(A) Factor, Requiring the Court to Conduct a Separate A.R.S. § 25-319(B) Analysis.

**¶15**          The court made findings showing Husband is eligible under one A.R.S. § 25-319(A) factor.  Specifically, the court found "[t]he parties were married approximately 47 years, which is certainly a marriage of long duration[,]" and that "[d]ue to the age of the parties, neither [was] able to meaningfully rejoin the workforce and earn significant income."

**¶16**          The parties dispute whether the 2018 or 2022 version of A.R.S. § 25-319 applies in this case.  But there is no question that both versions of A.R.S. § 25-319(A) ask whether the parties "[h]ad a marriage of long duration and [are] of an age that may preclude the possibility of gaining employment adequate to be self-sufficient."  *Compare* A.R.S. § 25-319(A)(4) (2018) (effective Aug. 3, 2018 to Sept. 23, 2022), *with* A.R.S. § 25-319(A)(5) (effective Sept. 24, 2022).  The superior court's findings show Husband is eligible for maintenance under that A.R.S. § 25-319(A) factor.

**¶17**          Once the court's findings showed Husband was *eligible* for a spousal maintenance award under A.R.S. § 25-319(A), the court was then required to analyze whether Husband was *entitled* to maintenance under A.R.S. § 25-319(B).  *See In re Cotter*, 245 Ariz. at 85 ¶ 7; *Wright*, 1 CA-CV 21-0613 FC, at *2 ¶ 7.  The court instead conflated eligibility with entitlement, stating, "[t]he threshold question is entitlement, which is controlled by subsection (A) of the statute" and "in accordance with subsection (A) above, [Husband] is not entitled to an award of spousal maintenance[.]"  This was error.  To the extent Wife maintained at oral argument that we should affirm the superior court on the basis that Husband lacked an entitlement to maintenance under A.R.S. § 25-319(B), it is not our role to decide in the first instance matters that have not yet been resolved by the superior court. *City of Flagstaff v. Ariz. Dep't of Admin.*, 255 Ariz. 7, 14 ¶ 26 (App. 2023) ("[A] court of appeals sits as a court of review, not of first view." (quoting *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017))).

**¶18** We thus vacate the court's denial of spousal maintenance and of Husband's request to alter or amend the Decree, and remand for the court to consider whether Husband is entitled to maintenance under A.R.S. § 25-319(B). When analyzing the A.R.S. § 25-319 factors on remand, the court must make specific findings, given Husband's Rule 82(a) request. *See Elliott v. Elliott*, 165 Ariz. 128, 132-33, 137 (App. 1990) (reversing spousal support award that did not provide mathematical basis for the award and did not address all A.R.S. § 25-319 factors on which the parties presented evidence, where spouse requested findings of fact and conclusions of law under Ariz. R. Civ. P. 52(a)); *Stein v. Stein*, 238 Ariz. 548, 551 ¶ 12 (App. 2015) (If a party makes a Rule 82(a) request, "[i]t must be clear from the family court's findings how the court arrived at its mathematical figure." (citation omitted)); *Hughes v. Hughes*, 177 Ariz. 522, 525 (App. 1993) ("Had either party requested findings of fact or conclusions of law in this case, the trial court would have been obliged to specifically address each section 25–319(B) factor that the parties placed at issue." (citations omitted)).

## II. Wife's Constitutional Arguments Are Not Properly Before Us.

**¶19** Wife argues that if the court below awards spousal maintenance to Husband, that could be an unconstitutional taking of her separately inherited property. But the court has not awarded any spousal maintenance. That issue is thus not properly before us. *Valler v. Lee*, 190 Ariz. 391, 395 (App. 1997) ("We need not address and resolve such hypothetical issues . . . which are neither ripe for decision nor squarely before us.").

## III. Attorneys' Fees

**¶20** In the Decree, the superior court denied Husband's request for attorneys' fees and costs after finding Wife had more financial resources than Husband but neither party acted unreasonably. Because we reverse and remand, we likewise vacate the court's fee ruling to allow it to consider fee requests after it performs an A.R.S. § 25-319(B) analysis.

**CONCLUSION**

**¶21** For these reasons, we vacate the Decree's denial of spousal maintenance and attorneys' fees to Husband and the September 2024 Order denying Husband's request to alter or amend the Decree, and we remand for further proceedings consistent with this decision. In our discretion, we grant Husband's request for fees and costs on appeal under A.R.S. § 25-324, subject to his compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:          JR